## William Hindman, Appellant, *v.* David Doughty.

*Arbitration—Justice of the peace—Record—Appeal.*

Where parties in a suit before a justice of the peace agree to arbitrate, it is proper and in the line of the duty of the justice to enter upon his docket the agreement of the parties, and the entry should be accepted as verity until it is shown to be inaccurate.

Where in such a case it appears by the record of the justice that the parties by their agreement to arbitrate have mutually waived their right of appeal from the judgment, it is error to discharge a rule to strike off an appeal on a mere affidavit of defendant's attorney denying that the defendant agreed to abide by the decision of the referees.

Argued Oct. 28, 1895. Appeal, No. 16, Oct. T., 1895, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1894, No. 33, discharging rule to strike off appeal from justice of the peace. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Appeal from justice of the peace.

The material portion of the transcript is as follows:

Parties appear. Action for a settlement on book account for work and labor done. Account, $367.04, also presents an order from W. Curry on defendant for $120.12, which defendant accepts as part of the settlement, plaintiff's demand as a balance due up to date $112.50. Defendant offers as a set-off against plaintiff's accounts, to cash, January 31, 1891, $29.00 cash; about the same time, $3.62; to cash to October 18, 1893, $23.25; and balance due on a judgment note and costs of same, amounting to $245.44, which plaintiff accepts in settlement. Parties agree to submit all matters in variance to William Aber, John Lewis and Jacob Aber and abide by their decision.

Arbitrators sworn, plaintiff sworn, defendant sworn, same day referees file their report. Referees find for the plaintiff $65.73. Judgment for plaintiff on report of referees for $65.73 and costs. March 8th, defendant appeals.

The plaintiff took a rule to strike off the appeal, and the defendant filed the following affidavit:

And now, to wit, September 17, 1894, comes the defendant, and by his attorney denies that he agreed to abide by the de-

cision of the alleged referees, as stated in the transcript filed in above case; that the allegation in the said transcript, that he agreed to abide by the decision of the referee, is not true in point of fact.

The court discharged the rule.

*Error assigned* was above order.

J. M. *Nevin*, for appellant.—The agreement to abide by the decision of arbitrators or referees is part of the record and therefore properly entered into: Bocleau v. Phillips, 1 Ashmead, 92; Rheem v. Allison, 2 S. & R. 113; Cahill v. Benn, 6 Binn. 99; Bingham v. Guthrie, 19 Pa. 424.

J. F. *Edmundson*, for appellee, cited: Act of March 20, 1810, 5 Sm. L. 131; act of April 26, 1855, P. L. 304; act of March 26, 1814, 6 Sm. L. 203.

OPINION BY Mr. JUSTICE McCOLLUM, January 6, 1896:

The transcript of the record made by the magistrate shows the institution of a suit before him, an agreement by the parties " to submit all matters in variance to William Aber, John Lewis and Jacob Aber and to abide by their decision," a hearing before the arbitrators and a report by them on which the magistrate entered a judgment for the plaintiff. From the judgment so entered the defendant appealed to the court of common pleas, where a rule was taken by the plaintiff to show cause why the appeal should not be stricken off. This rule was grounded on the agreement of the parties to abide by the decision of the arbitrators. A denial of the agreement as written by the magistrate on his docket was interposed in this form: " And now, to wit, September 17, 1894 comes the defendant and by his attorney denies that he agreed to abide by the decision of the referees as stated by the transcript in the above case; that the allegation in the said transcript that he agreed to abide by the decision of the referee is not true in point of fact." Appended to this denial was an affidavit by the attorney who said " the facts set forth in the above statement are true to the best of his knowledge and belief." With nothing before it but the transcript and the denial of part of the agreement shown by it the

court discharged the rule to show cause, and from the order discharging it this appeal was taken.   The question presented by the appeal is whether the action of the court was warranted by the record before it.

It was proper and in the line of his duty for the magistrate to enter upon his docket the agreement of the parties, and the entry should have been accepted as verity until it was shown to be inaccurate.   On the face of the transcript it appeared to the court that the parties by their agreement had mutually surrendered or waived their right to appeal from the judgment. As the defendant alleged inaccuracy in the statement of the agreement the burden of supporting the allegation by competent evidence was on him.   This burden could not be discharged by his mere denial that the agreement contained a stipulation to abide by the decision of the arbitrators.   We think therefore that the learned court erred in discharging the rule.

The judgment is reversed and the rule to show cause is now made absolute.