427 A.2d 682

JONNET DEVELOPMENT CORPORATION, Successor by Merger to Cobra Development Corporation, Appellant,

v.

SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 585.

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed March 27, 1981.

David Abrams, Monroeville, for appellant.

Thomas R. Solomich, Pittsburgh, for appellee.

Before HESTER, MONTGOMERY and VAN der VOORT, JJ.

PER CURIAM:

Appellant initiated this action by filing a Complaint in Confession of Judgment for $33,733.28 against the appellee union for rentals due under Lease Agreement. The union subsequently filed a Petition to Strike and/or Open Confessed Judgment. Said Petition was answered by appellant pursuant to a Rule to Show Cause entered by the Honorable John P. Flaherty.

Thereafter, an Order was entered on May 4, 1979, and consented to by counsel for both parties, stipulating that the matter be submitted to one arbitrator for a final determination. The order provided that:

"... that the parties hereto by and through their respective counsel, hereby consent and stipulate to have the entire matter heard by an arbitrator to be appointed by the Court without necessity to proceed with litigation in these Court proceedings; it is hereby ordered and directed

that this case is referred to James Leahy, Esq., who shall act as arbitrator in this matter and whose decision shall constitute a final determination of the claims of the parties with respect to this matter; it is further ordered that this Court, should a necessity arise for any questions of interpretation or rulings on evidentary (sic) matters shall retain jurisdiction of this case, as well as for purposes of confirming judgment on any said award."

The arbitrator found in favor of the appellant, however, for an amount considerably less than its claim on which judgment had originally been entered. On August 2, 1979, appellant filed a Notice of Appeal from the arbitrator's award with the Court of Common Pleas of Allegheny County. The appellee moved to quash the appeal, contending that the arbitrator's award was final and non-appealable. The Honorable R. Stanton Wettick of the Court of Common Pleas, entered an Order dated September 30, 1979, quashing the appeal. Thereafter, this appeal ensued.

The single issue before us is whether appellant had a right of appeal from the award of the arbitrator. The lower court found no such right of appeal existed and we affirm.

Appellant bases its appeal on 42 Pa.C.S.A. § 7362 of the Judicial Code, which concerns voluntary arbitration of pending judicial matters. This section permits arbitration before one or more persons by consent of the parties and permits appeals in such cases according to the following terms:

"Any party to a matter referred under this section shall have such rights to appeal, if any, as shall be prescribed by general rules. Where no right to appeal is prescribed by general rule, all parties shall be deemed to have waived any right to appeal which they might otherwise enjoy under the Constitution of Pennsylvania or otherwise in mutual consideration of an expeditious final disposition of the matter, but no such waiver shall apply if it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. § 7362(d).

In the case at bar, there was no assertion of misconduct, corruption, fraud or denial of a hearing.

Appellant argues that the above language prescribed a right of appeal from the decision of the arbitrator in this case. In order for this contention to be true, such right to appeal would necessarily have to be found in general rules. In support of its proposition, appellant directs this court's attention to Rules 301–306 of the Local Rules of Court for the Court of Common Pleas of Allegheny County. Rule 301(a) states:

> "All civil cases wherein the amount in controversy (exclusive of interest and costs) shall be Ten Thousand Dollars ($10,000.00), or less . . . shall be submitted to and be heard and decided by a Board of Arbitration consisting of three (3) members of the Bar of the Court of Common Pleas to be selected as hereinafter provided."

Appellant proposes that these rules, and specifically 306(B) which provides for appeals de novo in such cases, constitute the "general rules" as referred to in 42 Pa.C.S.A. § 7362(d).

■ Appellant ignores the precise meaning of "general rules" as stated in 42 Pa.C.S.A. § 102, wherein it is defined as "a rule or order promulgated by the governing authority." This same section of the Judicial Code delineates the meaning of "governing authority" as encompassing "(1) The Supreme Court; or (2) any agency or unit of the unified judicial system exercising a power or performing a duty pursuant to section 1721." 42 Pa.C.S.A. § 1721 provides that the Supreme Court may delegate various supervisory and administrative powers of the court to "any agency or unit of the unified judicial system."

The appellants have failed to identify any supervisory or administrative powers delegated by the Supreme Court to the Court of Common Pleas to make a rule allowing appeals in contradiction of 42 Pa.C.S.A. § 7362(d) of the Code.[1]

---

1. As the lower court pointed out in its able opinion:
"Local Rule 306 was adopted pursuant to the Acts of June 16, 1836, P.L. 784, § 21, 17 P.S. § 2076 and June 21, 1937, P.L. 1982, No. 392, as amended, 17 P.S. § 62 which empower Common Pleas courts to

Consequently, any rules promulgated by the Court of Common Pleas of Allegheny County cannot be viewed as satisfying the definition of "general rules" as intended above. These rules are strictly local rules promulgated by the Court of Common Pleas to regulate practice and procedure in the courts of Allegheny County.

■ Since these rules upon which appellant relies are not "general rules" within the meaning of the Judicial Code, there is no support for appellant's asserted right of appeal. Accordingly, we find the parties' right to appeal was waived under the provision of 42 Pa.C.S.A. § 7362(d).

That such was their intention is bolstered by the very language of their argument, wherein they agreed that the matter be

"... heard by an arbitrator *without necessity to proceed with litigation* ..." (emphasis added).

Further, both parties stipulated that the arbitrator's decision would constitute "a final determination of the claims of the parties with respect to this matter." In interpreting their agreement, we attribute the recognized meaning to the language and hold that, as the parties intended, no right of appeal existed. The lower court's decision to grant the motion to quash appellant's appeal was proper and will not now be disturbed.

Order affirmed.

adopt local rules for regulating practice 'which shall not be inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania.' This power to adopt local rules is now governed by § 323 of the Judicial Code (42 Pa.C.S.A. § 323) which provides that 'except as otherwise prescribed by general rules, every court shall have the power to make such rules and orders of court as the interest of justice or the business of the court may require.' "