688 A.2d 1210

**Mark S. ROSENBERG, Esquire,**

v.

**MONTEVERDE & HEMPHILL, P.C. and
G. Alexander Bochetto, Esquire.**

**Appeal of G. Alexander BOCHETTO, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1996.

Filed Feb. 13, 1997.

508

Mark S. Rosenberg, Philadelphia, appellee, in pro. per.

Paul J. Giordano, Philadelphia, for Monteverde & Hemphill, appellee.

Alfred J. Falcione, Philadelphia, for appellant.

Before CIRILLO, President Judge Emeritus, and HOFFMAN, J. and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

This is an appeal from an order quashing appellant George Bochetto's appeal from a judgment entered on an arbitrators' award and assessing filing costs to appellant. We affirm.

Attorney Mark S. Rosenberg referred a personal injury case to fellow attorney George Bochetto while Mr. Bochetto was a shareholder with the law firm Monteverde & Hemphill, P.C. In exchange, Mr. Bochetto agreed, on behalf of the firm, to pay Mr. Rosenberg one-third of any attorneys' fees recovered in that case. Mr. Bochetto subsequently resigned from Monteverde & Hemphill to start his own firm, taking the personal injury suit with him.

Although Mr. Bochetto settled the personal injury suit, he failed to pay Mr. Rosenberg the referral fee. As a result, Mr. Rosenberg filed an action against Monteverde & Hemphill and Mr. Bochetto. The matter was scheduled for arbitration on October 27, 1995 but continued to December 8, 1995.

On that date, Mr. Bochetto requested an additional continuance, citing illness as justification. Mr. Bochetto and Mr. Rosenberg orally agreed that the case would be continued to either January 3, 4 or 25, 1996. Mr. Bochetto's office then sent a letter dated December 8, 1995 by way of facsimile transmission and regular mail, listing January 3, 1996 as the continuance date. The office also enclosed the Continuance Arbitration Application, which ordered the rescheduled hearing to take place at 10:30 a.m. on January 3, 1996. Further, the letter expressed the parties' intent to be bound by the arbitrator's decision and to forego appeal: "During our conversation this morning, you and I also agreed to be bound to the adjudication handed down at the arbitration hearing. Further, we agreed that no appeals would be filed as to the ruling, and that the same was final and binding." Letter from Mr. Bochetto to Mr. Rosenberg, dated 12/8/95.

Mr. Bochetto failed to appear at the scheduled hearing on January 3, 1996. The arbitrators made an award in favor of Mr. Rosenberg and the firm and against Mr. Bochetto. In an appeal from that ruling, Mr. Bochetto claimed that his secretary had prepared the December 8, 1995 letter and had failed to enter the new hearing date in his trial calendar. By Order dated March 8, 1996, the lower court quashed that appeal and imposed filing costs on appellant.

In this timely appeal from that order, appellant Bochetto claims that the trial court abused its discretion by quashing his appeal from the award of the arbitrators and by attributing filing costs to him. When reviewing an appeal from an order confirming the arbitrators' award and entering judgment in appellees' favor, we consider whether the trial court exceeded its scope of authority and will reverse only for an abuse of discretion or an error of law. *Hall v. Nationwide*

*Mutual Insurance Co.*, 427 Pa.Super. 449, 454, 629 A.2d 954, 956 (1993), *appeal denied*, 537 Pa. 623, 641 A.2d 588 (1994).

We shall begin by briefly reviewing the statutory basis for compulsory arbitration. *See* 42 Pa.C.S.A. § 7361. When a case is sent to arbitration, a hearing, at which evidence may be presented, will be held. *See* 42 Pa.C.S.A. § 7361(a); Pa. R.C.P., Rules 1305, 1304, and 1038, 42 Pa.C.S.A. The procedures applicable in compulsory arbitration are set forth in the Pennsylvania Rules of Civil Procedure. Pa. R.C.P., Rules 1301–1314, 42 Pa.C.S.A. When the board is convened for hearing, if one party is ready and the other is not the case shall proceed and the arbitrators shall make an award unless the court orders a continuance. Pa. R.C.P., Rule 1303(b). The arbitration award shall be filed with the prothonotary immediately after it is signed. Pa. R.C.P., Rule 1306. Thereafter, the prothonotary shall enter the award of record upon the proper docket. Pa. R.C.P., Rule 1307(a). When a party appeals an award, a *de novo* trial shall be held. Pa. R.C.P., Rule 1311. If no appeal is taken within thirty days of the entry of the award on the docket, the prothonotary, on praecipe, shall enter judgment on the award. Pa. R.C.P., Rule 1307(c).

■ In this case, the defendant in the proceeding below, George Bochetto, failed to appear at the scheduled arbitration hearing. The Explanatory Notes specifically address the non-appearance of parties at arbitration hearings: "A problem frequently encountered in present practice is the failure of a party to appear at the hearing.... Rule 1303(b) provides that if a plaintiff does not appear, the arbitrators shall, unless the court has ordered a continuance, proceed to enter an award. Similarly, if a defendant does not appear, and the court has not ordered a continuance, the arbitrators proceed to hear the matter and enter an award." Pa. R.C.P., Rule 1303(b), Explanatory Note—1981, 42 Pa.C.S.A. The arbitrators heard the matter and ultimately entered an award in favor of Mr. Rosenberg and the firm and against appellant Bochetto. As stated, appellant took proper steps to perfect an

appeal from that award. He claims that the trial court abused its discretion by quashing that appeal.

■ We acknowledge that a party's statutory right to appeal an arbitration award is not conditioned on the party's presence at the arbitration hearing. *Rieser v. Glukowsky,* 435 Pa.Super. 530, 538, 646 A.2d 1221, 1224 (1994); *McGonigle v. Currence,* 387 Pa.Super. 511, 564 A.2d 508 (1989) (an appealing party who has complied with all the necessary steps in perfecting an appeal *de novo* from the award of arbitrators does not imply acquiescence in or waive his right to perfect that appeal by failing to appear at the arbitration hearing, regardless of the reason). As such, a party who fails to appear at an arbitration hearing cannot be denied a *de novo* appeal of an arbitration award on that basis. *Rieser,* 435 Pa.Super. at 539, 646 A.2d at 1225. In this case, however, we do not view appellant's failure to appear at the scheduled hearing as determinative. Rather, we focus our attention on the agreement reached by the parties to be bound by the arbitrators' decision and to refrain from appealing that award.

■ Although the right of appeal from a decision of arbitrators is a substantial right, it is not absolute and can be subjected to reasonable conditions. *Meta v. Yellow Cab Company of Philadelphia,* 222 Pa.Super. 469, 294 A.2d 898 (1972). *See, e.g., Rieser, supra,* 435 Pa.Super. at 539 n. 4, 646 A.2d at 1225 n. 4 (the appealing party must comply with all the necessary steps in perfecting an appeal *de novo* from the arbitrators' award). Accordingly, we cannot agree that the trial court abused its discretion by enforcing an agreement made by the parties waiving the right of appeal from a compulsory arbitration award when that intention was clearly expressed: "[Y]ou and I also agreed to be bound to the adjudication handed down at the arbitration hearing. Further, we agreed that no appeals would be filed as to the ruling, and that the same was final and binding."[1] *See Hindman v. Doughty,* 172 Pa. 573, 33 A. 563 (1896) (phrase "to abide [the

---

1. We emphasize that appellant does not herein allege that the arbitrators' award was procured through fraud, misconduct of the arbitrators, or any like means.

arbitrators'] decision" was held sufficient to constitute waiver of right to appeal); *Wynn v. Bellas,* 34 Pa. 160 (1859) (because parties to compulsory arbitration agreed that the award would be "final and without appeal by either party," the court struck off the appeal as contrary to that agreement); *McCahan v. Reamey,* 33 Pa. 535 (1858) (holding parties to their agreement not to appeal from arbitration award). *See also Jonnet Development Corp. v. Service Employees International Union Local 585,* 285 Pa.Super. 369, 373, 427 A.2d 682, 684 (1981) (appellant had no right to appeal from award entered after the dispute was submitted to voluntary arbitration under 42 Pa. C.S.A. § 7362 because the parties had agreed that the matter would be heard by arbitrators without necessity to proceed with litigation and had stipulated that the arbitrators' decision would constitute "a final determination of the claims of the parties" with respect to the underlying matter).

We next consider that portion of the order assessing a $500.00 filing fee to appellant. Appellant has failed to address any portion of his argument to the propriety of that order. Our Rules of Appellate Procedure require that "[t]he argument shall be ... followed by such discussion and citation of authorities as are deemed pertinent." Pa. R.A.P., Rule 2119(a), 42 Pa.C.S.A. *See Burrell Construction & Supply Co. v. Straub,* 440 Pa.Super. 596, 656 A.2d 529 (1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1120 (1995) (because appellants failed to cite any legal authority in support of their claim, Superior Court deemed the claim waived). Appellant has thereby waived this claim.

Order affirmed.