454 A.2d 572

**Francis G. HANIK, Appellant**

v.

**PENNSYLVANIA POWER COMPANY.**

Superior Court of Pennsylvania.

Argued April 14, 1982.

Filed Dec. 23, 1982.

Joseph M. Stanichak, Aliquippa, for appellant.

Lee E. Whitmire, Jr., Beaver Falls, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

This action in equity was instituted by appellant to enjoin appellee from employing chemical herbicides on property adjacent to appellant's land.[1] At trial, appellee's motion for

1. A preliminary injunction was granted, pending a hearing on a permanent injunction. Appellant failed to post the requisite $100 bond; consequently the preliminary injunction was dissolved by Order of Court.

a compulsory nonsuit was granted.[2] Appellee thereafter pursued its counterclaim and was eventually awarded a verdict thereon in the amount of $2,625.00. Appellant filed exceptions to the verdict, which were argued and denied. This appeal ensued.

■ Appellant contends that the counterclaim did not arise from the same occurrence upon which appellant based his complaint. A legal counterclaim which attaches to an equitable action is only proper when it arises from the same transaction or occurrence. Pa.R.C.P. 1510 provides:

"(a) A defendant may plead as a counterclaim only a cause of action, whether equitable or legal, which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose...."

In the instant case, appellant initiated an action in equity to obtain a permanent injunction prohibiting appellee from using chemical herbicides to clear brush and tree growth from its right of way through appellant's land. Appellant averred in his complaint that plant and animal life on his land was being destroyed by the use of such herbicides.

In its answer, appellee denied that the herbicides were either harmful or dangerous and also denied that the chemical compound was applied to appellant's land. In addition, appellee filed a counterclaim for attorney's fees, alleging that this suit constituted vexatious litigation.[3] Costs and counsel fees which appellee was required to expend in the defense of this case totaled $2,625.00.[4]

2. At the time of trial, appellant advised the court that he learned the herbicides were not harmful and he, therefore, would not proceed with his case.

3. Appellant filed no answer to appellee's counterclaim prior to trial. After the close of the case-in-chief on the counterclaim, appellant requested a continuance and leave to file an answer. The trial court denied his request. Nonetheless, after trial and prior to entry of the verdict, appellant filed a reply to new matter and a reply to the counterclaim.

4. Appellee also filed an application for further costs and attorney's fees which were incurred in connection with this appeal.

The issue herein was addressed in *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). In that case, appellant filed a complaint in equity seeking specific performance of a written option agreement for the sale of a parcel of land. Appellee counterclaimed for injunctive relief and damages under the theories of malicious use and abuse of process. The Supreme Court ruled that the issues sought to be raised by appellee's counterclaim were not sufficiently related to appellant's cause of action to permit joinder. While appellee's counterclaim may have arisen from the same legal proceeding that was before the Court, it could not claim as its origins the same transaction from which appellant's cause of action arose. To hold otherwise, noted the Court:

> "would require the plaintiff to present his case in chief, which would not involve the elements of the tort claim, e.g., malice, probable cause, improper motive, etc., and then to allow the defense in addition to the presentation of his evidence in rebuttal of plaintiff's case in chief, to interject additional and unrelated testimony to establish the claimed tort. Thereafter of course, the plaintiff would be required to introduce further evidence to meet that issue, thus probably completely obfuscating the basic issue which initially inspired the bringing of the lawsuit. Such a co-mingling of the plaintiff's claim and those of defendants' counterclaim would be likely to produce such confusion in the mind of the fact finder as to make the possibility of a just decision unlikely and increase the probability of a miscarriage of justice. *Selas Corp. of America v. Wilshire Oil Co. of Texas*, 344 F.Supp. 357 (E.D.Pa.1972)."

*Id.* 472 Pa. at 345–346, 372 A.2d at 728. The Supreme Court thus refused to permit the entangling of unrelated claims.

In the case at bar, appellee's allegations that appellant acted in an arbitrary and vexatious manner in the filing of this lawsuit are also based upon numerous actions instituted by appellant prior to this case. For example, in 1959,

appellant signed an option permitting a right-of-way over his property. However, appellant refused to sign the final papers until 1961, after appellee spent several thousand dollars in legal fees and costs. During the 1970–1971 time period, appellee was forced to expend sums of money on at least four different occasions for sheriff protection costs so that appellee's employees could conduct legitimate business on its right-of-way. In 1978, after appellee was prevented from purchasing property at a tax sale by appellant's higher bid, appellant reneged on his bid and caused a second tax sale to be held at which appellee prevailed as the successful bidder. Appellee's counterclaim concluded:

"[t]he said conduct of the plaintiff over a long period of time shows that the plaintiff is acting arbitrarily and in a vexatious manner and in bad faith when dealing with the defendant."

Based upon appellant's past conduct, appellee sought the relief provided by 42 Pa.C.S.A. § 2503, which states:

§ 2503 Right of participants to receive counsel fees
The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter.

(9) "Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."

A review of the above facts reveals that this case is very similar to *T.C.R. Realty, Inc. v. Cox,* supra. Although the basis for recovery differs somewhat from *T.C.R. Realty,* the allegations contained in appellant's counterclaim are similarly dependent upon the proof of claims totally unrelated to the cause of action which prompted appellant's complaint. In fact, the trial judge observed:

"[t]he counterclaim in the instant case did not arise out of the same occurrence as did the plaintiff's cause of action. Therefore, we have concluded that the counterclaim should not have been part of this case."

The trial court reasoned that the intertwining of unrelated claims must be avoided, even at the expense of judicial economy.

However, the trial judge did not set aside the verdict that had been entered as the counterclaim. Appellant failed to preserve this issue in his exceptions to the verdict. Therefore, the trial judge ruled that appellant waived any objection to the counterclaim.

 Unquestionably, matters not addressed in exceptions are deemed waived. Pa.R.C.P. 1518, which governs actions in equity, specifically decrees:

"Within ten (10) days after notice of the filing of the adjudication exceptions may be filed by any party to rulings on objections to evidence, to statements or finding of fact, to conclusion of law, to the decree nisi or in cases where requests for findings of fact or conclusions of law have been submitted by leave of court to a failure or refusal to find any matter of fact or law substantially as requested. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters."

See *Air Products and Chemicals, Inc. v. Johnson*, 296 Pa.Super. 405, 442 A.2d 1114 (1982); *Houston-Starr Co. v. Virginia Mansions Apartments, Inc.*, 295 Pa.Super. 480, 441 A.2d 1334 (1982). Waiver occurs regardless of whether an objection is orally advanced during trial, *Turnway Corp. v. Soffer*, 461 Pa. 447, 336 A.2d 871 (1975), as was the case herein.

Appellant contends that this particular issue of an improper counterclaim cannot be barred by his failure to include it in his written exceptions. It is appellant's position that since the counterclaim did not arise from the same transaction, and therefore was not properly before the court, the court lacked subject matter jurisdiction.

In support of its argument, appellant directs our attention to *Marcus v. Diulus*, 242 Pa.Super. 151, 363 A.2d 1205 (1976). Appellants therein, the legal authorities of Allegheny County, had conducted a search of appellee's property and had seized various items. Appellee thereafter filed a

complaint in equity to enjoin the public officials from sending the evidence to authorities in other states. Appellants filed preliminary objections stating that a court of equity did not have jurisdiction in a criminal matter. The chancellor nonetheless assumed jurisdiction. As a result of his holding, appellants filed an appeal without, however, filing exceptions to the lower court's adjudication. This Court held that the question of jurisdiction had not been waived:

"A court has the inherent power to determine on its own motion whether it has the jurisdiction to decide the cause before it. *Douglas v. City of Jeannette,* 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); *Harris-Walsh, Inc. v. Dickson City of Borough,* 420 Pa. 259, 216 A.2d 329 (1966). Therefore, even if a party fails to raise this issue by objection or exception in the court below, it is still the affirmative duty of our Court to consider the issue of subject matter jurisdiction. *Cathcart v. Crumlish,* 410 Pa. 253, 189 A.2d 243 (1963)." (footnote omitted).

*Id.* 242 Pa.Super. at 157, 363 A.2d at 1208.

■ It is clear from the rules themselves that this Court has the authority to address the issue of jurisdiction irrespective of the mandate of Pa.R.C.P. 1518 that *all* matters not covered by exceptions are deemed waived. See Pa.R. C.P. 1032(2).

However, does the issue of improper joinder of a counterclaim concern subject matter jurisdiction? One method to determine the nature of such a claim is to examine how the appellate courts of this Commonwealth have treated this situation previously. In *Brenner v. Sukenik,* 410 Pa. 324, 189 A.2d 246 (1963), the Supreme Court observed that an:

"objection to the fact that the counterclaim was not germane to the original complaint should have been made by preliminary objection in the nature of a demurrer. Pa.R.C.P. 1017(b)(4); 8 Standard Pa.Practice 228 .... An objection that a cross-bill is not germane to the original bill is waived by a general answer to the cross-bill. *Sears v. Scranton Trust Co.,* 228 Pa. 126, 77 A. 423 (1910); 30 C.J.S. Equity § 387." (footnotes omitted).

*Id.,* 410 Pa. at 329, 189 A.2d at 249. Pa.R.C.P. 1017, which is applicable to an action in equity by virtue of Pa.R.C.P. 1501, outlines the various acceptable objections to pleadings. One available preliminary objection under that rule permits a challenge to the jurisdiction of the court. Pa.R. C.P. 1017(b)(1). If the Supreme Court believed that an objection to an improper counterclaim were in the nature of a jurisdictional issue, it would have recommended that the objection be raised pursuant to Pa.R.C.P. 1017(b)(1). Instead, it stated that a demurrer would be the proper vehicle by which to advance an objection.

This Court in *Olivieri v. Olivieri,* 242 Pa.Super. 457, 364 A.2d 361 (1976) opined that an objection to a counterclaim as not germane to the cause of action in plaintiff's complaint is analogous to an objection for misjoinder of causes of action as permitted by Pa.R.C.P. 1017(b)(5). The result of sustaining such an objection is the striking of the cause of action without prejudice to the pleader's right to file a new and separate action.

■ In neither of the above cases was the improper counterclaim addressed as an issue involving subject matter jurisdiction. The test of jurisdiction is whether the court is competent to hear and determine controversies of the general nature of the matter involved. *McGinley v. Scott,* 401 Pa. 310, 164 A.2d 424 (1960). That is, jurisdiction lies if " 'the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case.' " *Carelli v. Lyter,* 430 Pa. 543, 546, 244 A.2d 6, 8 (1968), quoting *Drummond v. Drummond,* 402 Pa. 534, 538, 167 A.2d 287, 290 (1961).

■ Clearly, a court of equity is empowered to hear and determine counterclaims of a legal nature, such as a demand for counsel fees and costs. Pa.R.C.P. 1510. That the counterclaim in the instant case was not germane to appellant's complaint does not work to deny the lower court of subject matter jurisdiction. Undeniably, the form and improper pleading of this claim could have prevented appellee from recovering in that particular forum had appellant advanced a written exception in this regard. However,

"[w]here a court has general jurisdiction over the subject matter of the litigation, any irregularity in the method by which the court obtains jurisdiction of a particular case is usually waived by failure to raise the objection timely. See, e.g., *Ciammaichella Appeal*, 369 Pa. 278, 288, 85 A.2d 406, 411 (1952); *Susquehanna County Auditor's Report*, 123 Pa.Super. 195, 187 A. 78 (1936); 21 C.J.S. Courts § 110. Defects in process or procedure may always be waived provided there is general jurisdiction of the subject matter."

*Papencordt v. Masterwork Paint Co.*, 412 Pa. 508, 511, 194 A.2d 878, 880–881 (1963). Since the lower court's jurisdiction was not dependent upon a properly pleaded counterclaim, this issue, not being preserved, is waived.

We therefore affirm the order of the court below. In addition, we grant appellee's application for additional costs in the amount of $203.40 pursuant to Pa.R.A.P. 2741(2). However, we do not award appellee additional attorney's fees because we do not deem the filing of this appeal as frivolous, vexatious, or obdurate. Consequently, additional attorney's fees are not so authorized by either 42 Pa.C.S.A. § 2503 or by Pa.R.A.P. 2744.

Judgment affirmed and additional costs awarded.