646 A.2d 1221

**Robert RIESER and Colleen Rieser, Appellants,**

**v.**

**John Burke GLUKOWSKY and Amy Glukowsky, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1994.

Filed Aug. 26, 1994.

532

Gerald N. Mezzanotte, Blue Bell, for appellants.

Andrew S. Abramson, Philadelphia, for appellees.

Before KELLY, POPOVICH and HESTER, JJ.

KELLY, Judge.

In this appeal we must determine if a court of common pleas has the authority to enter a judgment *non pros* pursuant to a local rule of civil procedure which contravenes the statewide rules of civil procedure. Because the local rule is inconsistent

with the statewide rules, the local rule is invalid, rendering the order entering judgment *non pros* void. We, therefore, vacate the order entering judgment *non pros* and the order denying the petition to open the judgment *non pros*.

Appellant, Robert Rieser, was injured in an automobile accident. Appellee, John Glukowsky, was driving the other car involved in the accident. The car being driven by appellee was owned by Amy Glukowsky, also an appellee in this case. Ms. Glukowsky's vehicle was not insured at the time of the accident.

Consequently, appellants filed an uninsured motorist claim with their insurance company. Appellants also filed a praecipe to issue a writ of summons to appellees. Upon the filing of the praecipe, an arbitration hearing was scheduled. No other pleading or action ensued after the filing of the praecipe for the issuance of the writ of summons.

Neither appellants nor their counsel appeared at the scheduled arbitration hearing.[1] Due to appellants' failure to appear at the arbitration hearing, the trial court supervising the compulsory arbitration program entered a judgment of *non pros* on his own motion. Appellants filed a petition to open the judgment of *non pros*.[2] The trial court denied the petition. This appeal follows.

Appellants raise the following issues on appeal.

1. WHETHER THE LOWER COURT ERRED AS A MATTER OF LAW IN ORDERING A JUDGMENT OF NON PROS WHERE NON PROS WAS ENTERED PURSUANT TO A PHILADELPHIA LOCAL RULE OF CIVIL PROCEDURE WHICH IS INCONSISTENT WITH A CONTROLLING PENNSYLVANIA RULE OF CIVIL PROCEDURE.

**1.** Counsel for appellants explains that he was ill at the time of the arbitration hearing. He was suffering from an intestinal virus and was absent from work for a week. Counsel states he became ill right before the hearing.

**2.** Appellant's petition was only to open the judgment of *non pros*. Appellants did not petition to strike the judgment of *non pros*.

2.  WHETHER LOWER COURT ERRED AS A MAT-
    TER LAW [sic] IN DENYING A PETITION TO
    OPEN JUDGMENT OF NON PROS WHERE
    PLAINTIFFS' ATTORNEY'S ILLNESS WAS OF-
    FERED AS A REASONABLE EXPLANATION AND
    LEGITIMATE EXCUSE FOR PLAINTIFFS' FAIL-
    URE TO APPEAR AT AN ARBITRATION HEAR-
    ING.

Appellants' Brief at 4.[3]

■ Appellants argue that the trial court erred when it entered a judgment *non pros*. Appellants aver that Pennsylvania Rule of Civil Procedure 1304 directs that an award in favor of appellees should have been entered under the circumstances of this case. Appellees counter, stating that the Philadelphia Civil Rule No. *1303(g) directs that a judgment *non pros* should be entered when a plaintiff fails to appear at a scheduled arbitration hearing. Appellees conclude that judgment *non pros* was, therefore, properly entered by the trial court judge. We disagree.

■ Before a court may issue an order, it must have authority to act. *Mintz v. Mintz*, 83 Pa.Super. 85 (1924). Jurisdiction over the subject-matter is fundamental to a court's authority to act. *Leveto v. Nat'l Fuel Gas Dist. Corp.*, 243 Pa.Super. 510, 366 A.2d 270 (1976).

> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject-matter in a given case.... Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect.

*Mintz v. Mintz, supra* 83 Pa.Super. at 88 (1924).

■ It is well-settled that this court may raise the question of subject matter jurisdiction *sua sponte*. *Barndt v. Barndt*, 397 Pa.Super. 321, 580 A.2d 320 (1990); *Hughes v.*

**3.** Although in issue one appellants allege that it was error to enter the judgment *non pros*, they do not ask us in their brief to vacate the order or to strike the judgment *non pros*.

536

*Pennsylvania State Police,* 152 Pa.Cmwlth. 409, 619 A.2d 390 (1992), *alloc. denied,* 536 Pa. 633, 637 A.2d 293 (1993). Appellate courts have the authority to address the issue of the subject matter jurisdiction of the trial court even if the parties do not challenge the trial court's jurisdiction while the case is before the trial court. *United Carolina Bank v. Martocci,* 416 Pa.Super. 16, 610 A.2d 484 (1992).

■■■ The test of jurisdiction is whether the trial court is competent to hear and determine controversies of the general nature of the matter involved. *Department of Public Welfare v. Court of Common Pleas, Philadelphia City,* 506 Pa. 410, 485 A.2d 755 (1984); *Hanik v. Pennsylvania Power Co.,* 308 Pa.Super. 352, 454 A.2d 572 (1982). Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case. *Hanik v. Pennsylvania Power Co., supra* at 359, 454 A.2d at 576. When there is no jurisdiction, there is no authority to pronounce judgment. *Meritor Mortgage Corp. East v. Henderson,* 421 Pa.Super. 339, 617 A.2d 1323 (1992). Where a court lacks jurisdiction in a case, any judgment regarding the case is void. *See Meritor Mortgage Corp. East v. Henderson, supra; Leveto v. Nat'l Fuel Gas Dist. Corp., supra; Mintz v. Mintz, supra.*

■■■ The effect of a void judgment is that it must be treated as having never existed.

A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights, nor can any rights be based thereon.

Although it is not necessary to take any steps to have a void judgment reversed or vacated, it is open to attack or impeachment in any proceedings, direct or collateral, and

at any time or place, at least where the invalidity appears upon the face of the record. It is not entitled to enforcement and is, ordinarily, no protection to those who seek to enforce it. All proceedings founded on the void judgment are themselves regarded as invalid and ineffective for any purpose.

In short, a void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. It accordingly leaves the parties litigant in the same position they were in before the trial.

*First Seneca Bank v. Greenville Distrib. Co.*, 367 Pa.Super. 558, 556–67, 533 A.2d 157, 162 (1987).

When a case is sent to arbitration, a hearing, at which evidence may be presented, will be held. *See* 42 Pa.C.S.A. § 7361(a); Pa.R.Civ.P. 1305, 1304 and 1038. An arbitration hearing will be conducted as nearly as may be as a trial without a jury. Pa.R.Civ.P. 1304 and 1038. If a plaintiff fails to appear at a scheduled arbitration hearing, then the board of arbitrators shall enter an award in favor of the defendant. Pa.R.Civ.P. 1304(a). *See also McGonigle v. Currence*, 387 Pa.Super. 511, 564 A.2d 508 (1989); Pa.R.Civ.P. 1303(b). Once the arbitration award is made, the board of arbitrators must file the arbitration award with the prothonotary. Pa. R.Civ.P. 1306. The prothonotary shall enter the award of record upon the proper docket. Pa.R.Civ.P. 1307(a). If no appeal is taken within thirty days of the entry of the award on the docket, the prothonotary, on praecipe, shall enter judgment on the award. Pa.R.Civ.P. 1307(c).

An appeal from an arbitration award shall be taken by filing a notice of appeal no later than thirty days after the entry of the arbitration award on the docket. Pa.R.Civ.P. 1308. *See also Wilk v. Girard Bank,* 342 Pa.Super. 488, 493 A.2d 695 (1985). When a party appeals an award, a *de novo* trial shall be held. Pa.R.Civ.P. 1311. *See also,* 42 Pa.C.S.A. § 7361(d); *Weber v. Lynch,* 473 Pa. 599, 375 A.2d 1278 (1977); *McGonigle v. Currence, supra; Lough v. Spring,* 383 Pa.Super. 85, 556 A.2d 441 (1989); *Wilk v. Girard Bank, supra.*

There is nothing in the language of 42 Pa.C.S.A. § 7361 or Rules 1301 *et seq.* of the Pennsylvania Rules of Civil Procedure which conditions a party's statutory right to appeal the arbitration award upon the party's presence at the hearing. *McGonigle v. Currence, supra.* See *Weber v. Lynch, supra* (almost identical language in the Compulsory Arbitration Act of 1836 construed as not denying a party the right to appeal an arbitration award if the party appealing did not appear at the arbitration hearing). See also *Sipe v. Pennsylvania,* 219 Pa. 210, 68 A. 705 (1908) (Compulsory Arbitration Act of 1836 does not permit denial of appeal to a party who fails to appear at the arbitration hearing); *Barmak v. Duquesne Light Company,* 36 D & C.3d 135 (1985) (case law establishes that a plaintiff may not be barred from proceeding with the appeal because of the party's failure to be at the arbitration hearing). Nor do the explanatory notes of Pennsylvania Rules of Civil Procedure 1303 and 1304 suggest that a party's right to appeal the award is conditioned upon his appearance at arbitration. Rather, the notes specifically state that an award should be entered when a party fails to attend the arbitration hearing. Pennsylvania Rule of Civil Procedure 1303's explanatory note states:

> Subdivision (b). A problem frequently encountered in present practice is the failure of a party to appear at the hearing. Present practice does not permit a nonsuit of a non-appearing plaintiff. Indeed a nonsuit would be impractical, since there is no machinery by which a nonsuit could be removed by the arbitrators. Rule 1303(b) provides that if a plaintiff does not appear, the arbitrators shall, unless the court has ordered a continuance, proceed to enter an award. Similarly, if a defendant does not appear, and the court has not ordered a continuance, the arbitrators proceed to hear the matter and enter an award. The remedy for dissatisfaction with the award is to appeal.

Pa.R.Civ.P. 1303 Explanatory Note.

The explanatory note to Pennsylvania Rule of Civil Procedure 1304 states:

Subdivision (a) [of Pennsylvania Rule of Civil Procedure 1304] codifies the present practice that compulsory nonsuits are not permitted. Instead, if the plaintiff does not appear, the arbitrators should enter an award for defendant.

Pa.R.Civ.P. 1304 Explanatory Note.

While explanatory notes are not binding, they may aid in interpreting the meaning of the rules. *Macioce v. Glinatsis,* 361 Pa.Super. 222, 522 A.2d 94 (1987). *See also McGonigle v. Currence, supra;* Pa.R.Civ.P. 129(e). This is especially true where the explanation given in the note is consistent with the language of the rule itself. *McGonigle v. Currence, supra.*

Pennsylvania courts have consistently held that a party who failed to appear at an arbitration hearing cannot be denied a *de novo* appeal of an arbitration award. *See McGonigle v. Currence, supra* (irrespective of the reason therefore, a party's non-appearance at a scheduled arbitration hearing does not waive the party's right to appeal the arbitration award); *Hall v. Reeb,* 382 Pa.Super. 452, 555 A.2d 926 (1989) (while we do not countenance the intentional failure to appear at an arbitration hearing, we cannot deny plaintiff the right to appeal the arbitration award and receive a trial *de novo* ). Therefore, we must conclude that the Pennsylvania Rules of Civil Procedure mandate that an award will be entered in favor of the defendant when the plaintiff fails to appear. The plaintiff, who does not appear at an arbitration hearing, has a right to a *de novo* appeal which may not be denied because the plaintiff failed to attend the arbitration hearing.[4] *McGonigle v. Currence, supra; Hall v. Reeb, supra.*[5]

An arbitration hearing was scheduled for the instant case. Appellants, the plaintiffs, did not appear at the scheduled

4. When we state that appellant has a right to appeal, we assume that the appellant has perfected his right to appeal, *i.e.,* filed a timely notice of appeal, filed a proper notice of appeal, etc. *See* Pa.R.Civ.P. 1308.

5. We recognize this Rule and the case law allows parties to intentionally skip arbitration and proceed to a trial *de novo.* However, the rules of civil procedure are clear and until the Supreme Court sees fit to change them, we must abide by them. The fact that we must abide by rules does not mean we condone the abuse of the rules governing compulsory arbitration.

arbitration hearing. No arbitration award was entered even though Rule 1304(a) of the Pennsylvania Rules of Civil Procedure mandates the entry of an award in favor of appellees, the defendants, in such circumstances. What did happen was that the trial court entered a judgment *non pros* on its own motion because appellants failed to appear at the scheduled arbitration hearing. The Pennsylvania Rules of Civil Procedure 1303 *et seq.* were not followed.

■ Appellees, however, aver that the judgment of *non pros* was properly entered pursuant to Philadelphia Civil Rule No. *1303(g) which authorizes a judgment *non pros* for failure to prosecute an arbitration proceeding. Appellees contend that Philadelphia Civil Rule No. *1303(g) is a local rule which, as permitted by the Pennsylvania Rules of Civil Procedure 1301 *et seq.*, validly deals with one of the many details relating to the procedure of arbitration. Appellees further argue that Philadelphia Civil Rule No. *1303(g), which directs that if counsel does not appear at the arbitration hearing the case shall be *non prossed,* does not conflict with Pennsylvania Rule of Civil Procedure 1304(a), which directs an award will be entered in defendant's favor if plaintiff does not appear at the arbitration meeting. We must disagree.

Rule 1304(a) of the Pennsylvania Rules of Civil Procedure states:

(a) Except as otherwise prescribed by these rules, the board of arbitrators shall conduct the hearing in conformity with Rule 1038(a). A voluntary nonsuit may be taken by a plaintiff as permitted by Rule 230. *If the plaintiff fails to appear* or if, at the conclusion of the plaintiff's case, the board deems the evidence insufficient to support an award in favor of the plaintiff, [*the board*] *shall enter an award in favor of the defendant.* If the board does not do so, the defendant may proceed to offer evidence.

Pa.R.Civ.P. 1304(a) (emphasis added).

Rule Number *1303(g) of the Philadelphia Civil Rules states:

(G) Counsel shall give immediate written notification to the Deputy Court Administrator for Arbitration of any settlement of cases or changes of appearance. Notification may be given by telephone where time does not permit written notification. Failure to do so will result in the imposition of sanctions. Otherwise, *if counsel does not appear for the hearing, the case will be non prossed.*

Phila.Civ.R. No. 1303(g) (emphasis added).

We recognize that "[l]ocal courts have the power to formulate their own rules of practice and procedure." *Murphy v. Armstrong,* 424 Pa.Super. 424, 622 A.2d 992 (1993); *Pennridge Elec., Inc. v. Souderton School,* 419 Pa.Super. 201, 214, 615 A.2d 95, 102 (1992). *See also Nuttall v. Nuttall,* 361 Pa.Super. 320, 522 A.2d 603 (1987); *Dillion by Dillion v. Nat. R.R. Corp. (Amtrak),* 345 Pa.Super. 126, 497 A.2d 1336 (1985). Local rules will be given equal weight to the rules established by our Supreme Court provided that the local rules do not abridge, enlarge or modify the substantive rights of a party. *Murphy v. Armstrong, supra; Pennridge Elec., Inc. v. Souderton School, supra; Dillion by Dillion v. Nat. R.R. Corp. (Amtrak), supra.* The local rules are to implement the statewide rules, *Stock v. Arnott,* 415 Pa.Super. 113, 608 A.2d 552 (1992); *Dillion by Dillion v. Nat. R.R. Corp. (Amtrak), supra;* Pa.R.Civ.P. 239, but they "shall not to be inconsistent with any general rule of the Supreme Court or any Act of Assembly." *Murphy v. Armstrong, supra; Stock v. Arnott, supra;* Pa.R.Civ.P. 239(b)(1). *See also Ricci v. Ricci,* 318 Pa.Super. 445, 465 A.2d 38 (1983) (local rules must be consistent and not in conflict with the Pennsylvania Rules of Civil Procedure). If a local rule conflicts with a statewide rule of civil procedure, the local rule is invalid. *Murphy v. Armstrong, supra; Nuttall v. Nuttall, supra.*

Pennsylvania Rule of Civil Procedure 1304(a) authorizes an award in favor of a defendant when a plaintiff fails to appear for an arbitration hearing. Pennsylvania Rule of Civil Procedure 1308 gives plaintiff the right to appeal that award. The Pennsylvania Rules of Civil Procedure do not deny the plaintiff the right to appeal when the plaintiff fails to appear at the

arbitration hearing. It is, therefore, inconsistent for Philadelphia Civil Rule No. *1303(g) to direct the entry of a judgment *non pros* when a plaintiff does not appear at an arbitration hearing, thus denying a plaintiff the right to appeal an arbitration award.[6] As the local rule is inconsistent with the statewide rules, the statewide rules, which mandate an award in favor of the defendant when the plaintiff fails to appear at the arbitration hearing and allow *de novo* appeal, control. *See Murphy v. Armstrong, supra; Nuttall v. Nuttal, supra.*

The trial court does not rely upon Philadelphia Civil Rule No. *1303(g) in its order entering a judgment *non pros.* Nor does it mention Philadelphia Civil Rule No. *1303(g) in its opinion supporting the order which denies appellants' petition to open the judgment *non pros.* Rather, the trial court opinion relies on Rule 1303 and Rule 218(a) of the Pennsylvania Rules of Civil Procedure as authority to enter a judgment *non pros* when the plaintiff fails to appear at a compulsory arbitration proceeding. (Opinion at 3).

Pennsylvania Rule of Civil Procedure 1303(a) provides that the procedure for fixing the date, time and place of the arbitration hearing shall be prescribed by local rules. Entering a judgment of *non pros* because a plaintiff did not appear at a hearing is not a procedure for fixing the date, time and place of an arbitration hearing. Subsection (b) of Pennsylvania Rules of Civil Procedure 1303, which directs that the hearing should proceed when one party is ready and the other is not, does not expressly permit local rules to set procedure dealing with these circumstances.

The explanatory note to Pennsylvania Rules of Civil Procedure 1303(b) explains that it is a frequent problem that a party does not appear at the hearing. The note also expressly states that a non-suit against a non-appearing plaintiff is not permitted. The explanatory note provides guidance on what

---

**6.** Judgment *non pros,* while it is in favor of appellee, cannot be appealed by appellant, with the result of the appeal being a trial *de novo.* Rather, appellants must petition to open judgment of *non pros.* If the petition to open is successful, it is not clear what would be the next step in the proceeding. As no arbitration award was entered, the parties could conceivably have to go through arbitration.

should be done if a plaintiff does not appear and a trial court has not ordered a continuance. The explanatory note states that an award should be entered.

The note for Rule 1303(b) of Pennsylvania Rules of Civil Procedure further addresses the issue of when an appearing party does not wish to proceed with the arbitration hearing in the absence of the non-appearing party.

As a matter of professional courtesy, one party appearing when the other party does not might not wish to proceed without a further opportunity for opposing counsel to explain his absence. This poses a delicate question.

The arbitrators are given no power to grant continuances. Only the court may do so, under Rule 1303(b). Although under Rule 1304(b) the arbitrators may "adjourn an uncompleted hearing from day to day," adjournment of a hearing that has never begun is in effect a continuance. Nor is a request of counsel for a continuance as a courtesy to his opponent sufficient to permit the arbitrators to continue the matter. Perhaps one solution would be for counsel to ask the arbitrators to pass the case temporarily to give him time to move the court for a continuance.

Local rules may regulate this problem, but must do so with great care so as to provide that it is the court, and not the arbitrators, that controls the progress of the case.

Pa.R.Civ.P. 1303 Explanatory Note.

The note suggests that local rules may be formulated to deal with the situation where a continuance is desired by the appearing party because of other party's absence. The note does not suggest the formulation of local rules to deal with the situation in which the defendant wishes to proceed in the plaintiff's absence. Rule 1304(a) of the Pennsylvania Rules of Civil Procedure explicitly states what is to be done in such a circumstance, and the explanatory note to Pennsylvania Rules of Civil Procedure 1303 expressly recognizes that an award is to be entered even though the plaintiff fails to appear. Thus, we do not agree that local rules may be formulated to direct the entry of judgment *non pros* when the Pennsylvania Rules

of Civil Procedure concerning arbitration do not call for the entry of judgment *non pros* in compulsory arbitration cases where the plaintiff has failed to appear.

■ The trial court opinion also relies upon ·Pennsylvania Rule of Civil Procedure 218(a) as authority to enter judgment *non pros* under the circumstances presented in this case.

## RULE 218. PARTY NOT READY WHEN CASE IS CALLED FOR TRIAL

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a *non pros* on the court's own motion.

As appellants point out and as is apparent from the title and text of the rule, Rule 218 of the Pennsylvania Rules of Civil Procedure addresses trials not arbitration hearings. When the words of a rule are clear and free from all ambiguity, the letter of the rule is not to be disregarded. Pa.R.Civ.P. 127. Further, it is presumed that the entire chapter of rules is to be effective. Pa.R.Civ.P. 128(b). If Pennsylvania Rule of Civil Procedure 218 is utilized in arbitration cases as well as trials, then Pennsylvania Rules of Civil Procedure 1303(b) and 1304(a) would not be effective; in fact, they would be superfluous. In order to give effect to each rule, Rule 218 of the Pennsylvania Rules of Civil Procedure application must be limited to trials and Pennsylvania Rules of Civil Procedure 1303(b) and 1304(a) must be applied to arbitration hearings. Thus, Pennsylvania Rule of Civil Procedure 218(a) does not give common pleas court judges the authority to enter the judgment *non pros* when a plaintiff fails to appear at an arbitration hearing.

Accordingly, because Philadelphia Civil Rule No. *1303(g) authorizing the entry of judgment *non pros* is inconsistent with the Pennsylvania Rule of Civil Procedure 1304(a) and as neither Pennsylvania Rule of Civil Procedure 218 nor Pennsylvania Rule of Civil Procedure 1303 authorizes the trial court to enter a judgment *non pros* when a plaintiff fails to appear at a

compulsory arbitration proceeding, the trial court in the instant case lacked subject matter jurisdiction to enter such a judgment *non pros* on that basis. Thus, the judgment *non pros* is a void judgment and the subsequent order denying appellants' petition to open that void judgment is also a nullity. *See First Seneca Bank v. Greenville Distrib. Co., supra* 367 Pa.Super. at 556–57, 533 A.2d at 162.

Therefore, based upon the foregoing, we vacate the order denying appellants' petition to open the judgment *non pros* as it is based upon a void judgment, and we vacate the order entering the void judgment of *non pros.* We remand this case to the trial court with instructions to direct the board of arbitrators to reconvene and to enter an award in favor of appellees from which appellants can exercise their rights to a *de novo* appeal before the Court of Common Pleas.[7]

January 12, 1993 order vacated. October 13, 1992 order vacated. Case remanded. Jurisdiction relinquished.

7. Due to the disposition of this case, we do not address issue two.