**Catherine PISANO, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1996.

Decided March 22, 1996.

Bernard J. Nearey, for Appellant.

Joan A. Zubras, for Appellee.

Before DOYLE, J., and SMITH, P.J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Following the failure of plaintiff Catherine Pisano or her counsel to appear at a scheduled arbitration hearing, the Philadelphia Court of Common Pleas entered a judgment of non pros in favor of defendant, Southeastern Pennsylvania Transportation Authority (SEPTA) and, on July 19, 1993, denied plaintiff's petition to open judgment on the ground that plaintiff had failed to offer a legitimate excuse for the failure to appear at the hearing as required by Pa.R.C.P. 3051(b)(2).

Plaintiff has appealed to this Court claiming inadvertence of her counsel in failing to note the date of the arbitration hearing provided a satisfactory excuse, and that the trial court had erred in applying Pa.R.C.P. No. 218(c) which provides that a party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse, because the rule was not in effect when the judgment of non pros was entered.

However, there is a more fundamental reason why the judgment of non pros must be vacated. The trial court lacked subject matter jurisdiction to enter the judgment. *Rieser v. Glukowsky*, 435 Pa.Superior Ct. 530, 646 A.2d 1221 (1994).

In *Rieser* the same trial court entered judgment of non pros in favor of the defendant, where the plaintiffs failed to appear at an arbitration hearing, and denied plaintiffs' petition to open judgment. The defendant claimed that the trial court had authority to act in accordance with Philadelphia Civil Rule No. *1303(g) which directed that a judgment of non pros should be entered when the plaintiff failed to appear at a scheduled arbitration hearing. The Superior Court in *Rieser* pointed out that the local rule was inconsistent with Pa.R.C.P. No. 1304(a) which mandates an award by the arbitrators in favor of the defendant when the plaintiff fails to appear at an arbitration hearing, and was also inconsistent with Pa. R.C.P. No. 1308, which gives the plaintiff the right to appeal that award. Thus, Philadelphia Civil Rule No. *1303(g) gave the trial court no authority to act, as contended by the defendant.

However, the trial court did not rely upon its local rule in *Rieser* nor did it do so in this case. Instead, the trial court relied upon Pa.R.C.P. No. 218(a), which provides that where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion. The Superior Court properly held that Pa.R.C.P. No. 218 addresses trials not arbitration proceedings, which are governed by Pa.R.C.P. No. 1301, et seq.

The order denying plaintiff's petition to open judgment is, therefore, based upon a void judgment which must be vacated.

### ORDER

AND NOW, this 22nd day of March, 1996, the order of the Philadelphia County Court of Common Pleas, No. 573 October Term 1992, dated July 19, 1993, denying Catherine Pisano's petition to open judgment of non pros, is vacated. The common pleas court order, No. 573 October Term 1992, dated April 12, 1993, entering judgment of non pros, is also vacated. The case is further remanded to the common pleas court, with directions to instruct the arbitrators to reconvene and enter an award in favor of SEPTA, so Pisano may take a *de novo* appeal to the common pleas court.

Jurisdiction Relinquished.