**April DAVIS, Appellant,**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1997.
Decided Nov. 19, 1997.

Steven T. Franciosi, Philadelphia, for appellant.

Alan C. Ostrow, Deputy City Solicitor, Philadelphia, for appellee.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

COLINS, President Judge.

Before this Court is the appeal of April Davis (Davis) to the decision of the Court of Common Pleas of Philadelphia County (trial court) denying her petition to open a judgment of non pros.

Davis filed suit against the City of Philadelphia (City) alleging that she sustained serious injuries when she fell due to a defective City street. The case was scheduled for an arbitration hearing on April 1, 1996. Both Davis and her attorney failed to appear at the arbitration hearing, and as a result, the trial court entered a judgment of non pros. On April 8, 1996, Davis filed a petition to open the judgment of non pros. The petition contended that she was seriously ill and could not leave her home on the day of the arbitration. The trial court denied the petition, and Davis petitioned for reconsideration, which was also denied.

Davis appeals to this Court arguing that the trial court committed an error of law by not opening the judgment of non pros in accordance with Pennsylvania Rule of Civil Procedure (Rule) 237.3.[1] In response, the City contends that Rule 237.3 is inapplicable because that rule does not pertain to non pros entered by the court, as was the case here. Moreover, the City argues that under the applicable rule, Rule 3051,[2] Davis is required to show a reasonable explanation or excuse for her failure to appear at the arbitration hearing in order to open the judgment of non pros, which she has not done.

■ There is no need for this Court to address the merits of these arguments because the disposition of this case hinges on a fundamental error in the trial court's decision unrelated to either party's argument. Since this error involves the issue of jurisdiction, it may be raised sua sponte by this Court. *Blackwell v. Commonwealth, State Ethics*

---

1. Rule 237.3 is entitled "Relief From Judgment of Non Pros or by Default." The rule reads:
   (a) A petition for relief from a *judgment of non pros* or default *entered pursuant to Rule 237.1* shall have attached thereto a verified copy of the *complaint or answer* which the petitioner seeks leave to file.
   (b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.
   (emphasis added).
   Davis erroneously relies on Rule 237.3 because the rule applies only to judgments of non pros entered pursuant to Rule 237.1. Rule 237.1(b) specifically excludes judgments entered by a court, as was the case here.

2. Rule 3051 is entitled "Relief from Judgment of Non Pros." The rule reads:
   (a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.
   (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that
   (1) the petition is timely filed,
   (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and
   (3) there is a meritorious cause of action.

*Commission,* 523 Pa. 347, 567 A.2d 630, 632 (1989) (noting that "an issue of subject matter jurisdiction is not waivable," and may be raised "sua sponte by the court"). The trial court lacked subject matter jurisdiction to enter the judgment of non pros, and as such, both the judgment entering the non pros, and the denial of the petition to open the judgment of non pros which is the basis of this appeal, must be vacated.

This case is clearly governed by our decision in *Pisano v. SEPTA,* 673 A.2d 442 (Pa. Cmwlth.1996). In *Pisano,* a panel of this Court, relying on the Superior Court's decision in *Rieser v. Glukowsky,* 435 Pa. Superior Ct. 530, 646 A.2d 1221 (1994), held that a trial court does not have subject matter jurisdiction to enter a judgment of non pros against a plaintiff who fails to appear at an arbitration hearing.

The trial court in *Pisano* had entered a judgment of non pros against a plaintiff for failing to appear at an arbitration hearing. The trial court premised its decision on Rule 218(a),[3] which provides that where a case is called for *trial,* if the plaintiff is not ready, the court may enter non pros. We reversed the trial court's decision stating, "[t]he Superior Court properly held [in *Rieser* ] that Pa. R.C.P. No. 218 addresses trials not arbitration proceedings ... " *Pisano,* 673 A.2d at 443. Judge Rodgers' opinion in *Pisano* went on to correctly highlight that when a plaintiff fails to appear at an arbitration hearing, Rule 1304(a),[4] which mandates the entering of an award in defendant's favor, applies. The plaintiff is then permitted to appeal this decision *de novo* to the court of common pleas pursuant to Rule 1308.

Unlike the parties' briefs, the trial court's opinion does address our decision in *Pisano.* The trial court concedes that the issue addressed in *Pisano* and in the present case

are identical. Nevertheless, the trial court attempts to distinguish *Pisano* by arguing that we should abandon our reliance on *Rieser* in favor of the Superior Court's ruling in *Debroff v. Corretti,* 435 Pa. Superior Ct. 279, 645 A.2d 859 (1994), *petition for allowance of appeal denied,* 541 Pa. 626, 661 A.2d 873 (1995). In *Debroff,* the Superior Court affirmed what was in effect a trial court's entry of judgment of non pros against plaintiff where neither party appeared at arbitration. The Superior Court in that case held that Rule 218 allowed the entry of a judgment of non pros when the plaintiff failed to appear at the call of the list and that Rule 3051 required a "satisfactory excuse" to open the judgment of non pros. *Debroff,* 435 Pa. Superior Ct. at 289, 645 A.2d at 864.

▬ The trial court's attempt to distinguish *Pisano* is without merit for two reasons. First, although Superior Court decisions are persuasive authority in this Court, we are compelled as an intermediate appellate court to follow our own precedent when it conflicts with the precedent of the Superior Court. *County of Armstrong v. Workmen's Compensation Appeal Board,* 81 Pa.Cmwlth. 474, 473 A.2d 755, 757 (1984) (stating "[w]e are bound by stare decisis to follow the decisions of our own court until they are either overruled by the Supreme Court, or compelling reasons persuade us otherwise"). The only case decided by this Court on point is *Pisano,* and we see no reason to depart from the sound logic of that decision. Second, *Debroff* is no longer good precedent in any court in this Commonwealth, having been overruled by the Superior Court's en banc decision in *Tauss v. Goldstein,* 456 Pa. Superior Ct. 376, 690 A.2d 742 (1997). In *Tauss,* the Superior Court addressed the conflict between its decisions in *Rieser,* our decision

---

**3.** Rule 218 is entitled "Party Not Ready When Case is Called for Trial." It reads in pertinent part:

    (a)   Where a case is called for *trial,* if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

(emphasis added).

**4.** Rule 1304 is contained in the section of the Pennsylvania Rules of Civil Procedure dealing

with compulsory arbitration and is entitled, "Conduct of Hearing. Generally." The rule states in pertinent part:

    *If the plaintiff fails to appear* or if, at the conclusion of the plaintiff's case, the board deems the evidence insufficient to support an award in favor of the plaintiff, *it shall enter an award in favor of the defendant.*

(emphasis added).

in *Pisano,* and its decision in *Debroff.* The Superior Court specifically overruled *Debroff* and stated "that a trial court cannot utilize Pa.R.Civ.P. 218(a) as a basis to enter a judgment of non pros when plaintiff fails to appear at an arbitration hearing." *Tauss,* 690 A.2d at 746.

Accordingly, the trial court lacked jurisdiction to enter a judgment of non pros for Davis' failure to appear at an arbitration hearing; thus the order denying her petition to open judgment is based upon a void judgment which is hereby vacated.

### ORDER

AND NOW, this 19th day of November, 1997, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter denying April Davis' petition to open judgment of non pros is vacated. The Court of Common Pleas of Philadelphia County order entering judgment of non pros is also vacated. The case is further remanded to the Court of Common Pleas of Philadelphia County, with directions to instruct the arbitrators to reconvene and to enter an award in favor of the City of Philadelphia, so Davis may take a de novo appeal to the Court of Common Pleas of Philadelphia.

Jurisdiction relinquished.