# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Water's Edge at Wind Gap, LLC     :
                Appellant     :
                                  :
          v.                       :     No. 279 C.D. 2024
                                  :
Zoning Hearing Board of Moore     :
Township and Moore Township     :     Argued: April 8, 2025

BEFORE:    HONORABLE ANNE E. COVEY, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                         FILED: May 13, 2025

Water's Edge at Wind Gap, LLC (Applicant) appeals from the Court of Common Pleas of Northampton County's (Common Pleas) March 4, 2024 order affirming the March 17, 2023 decision of the Moore Township (Township) Zoning Hearing Board (Board, and with the Township, Appellees) that denied Applicant's appeal from determinations of the Township's Zoning Officer (Zoning Officer). We remand to Common Pleas for an evidentiary hearing regarding the timeliness of Applicant's appeal from the Zoning Officer to the Board.

The pertinent background is as follows. Applicant owns and plans to develop the 51-acre property known as 235 Moorestown Drive in the Township (Property). Applicant submitted a preliminary land development application. On August 2, 2021, the Township's engineering firm, Keystone Consulting Engineers (Keystone), issued a first technical review letter addressed to the Township detailing

various deficiencies with the plan under the Township's Zoning Ordinance (Zoning Ordinance). Applicant submitted a revised preliminary land development application to the Township on December 8, 2021 (Application).

On January 24, 2022, Keystone issued a second review letter addressed to the Township. *See* Reproduced Record (R.R.) at 162a-78a. Like the first review letter, the second letter commented on several deficiencies in the revised plan. Among those were comments that Applicant had not identified all areas of steep slopes as required under the Zoning Ordinance and should revise the site plan to show all steep slopes, whether manmade or preexisting. *Id.* at 165a, 169a.

After receiving the second review letter, Applicant communicated with the Township's solicitor, inquiring whether Keystone's comments in the letter concerning the requirements of the Zoning Ordinance constituted determinations by the Zoning Officer. R.R. at 392a-93a. The solicitor informed Applicant that the January 24, 2022 letter would constitute the Zoning Officer's determination, and the Township's engineer separately confirmed that. *Id.* The record does not indicate the time at which those communications occurred. Applicant filed an appeal to the Board on April 13, 2022.

The Board held hearings over six days from July 2022 through February 1, 2023. On February 10, 2023, the Board voted orally to deny the Application and a written decision followed on March 17, 2023. The Board denied the Application in part and specifically concluded that Applicant had not complied with the Zoning Ordinance's steep slope provisions. The Board also denied the variance relief Applicant requested. *See* R.R. at 1012a-14a, 1023a-26a. Applicant appealed to Common Pleas, which affirmed in part and reversed in part without taking additional evidence. Common Pleas determined that the Application provided sufficient

information under the Zoning Ordinance and that the Board had erred in applying an open-space fee, and it reversed the Board on those issues. On all other issues Common Pleas affirmed the Board. Applicant appealed to this Court.[1]

Notwithstanding that no party had addressed whether Applicant's appeal to the Board was timely, we turn first to that issue. If Applicant's appeal to the Board was untimely, the Board lacked subject matter jurisdiction. *Martin v. Zoning Hearing Bd. of W. Vincent*, 230 A.3d 540, 545 (Pa. Cmwlth. 2020). The issue of the Board's jurisdiction is not waivable and may be raised sua sponte by the Board itself, by Common Pleas, or by this Court on appeal. *See Davis v. City of Phila.*, 702 A.2d 624, 625-26 (Pa. Cmwlth. 1997). If the Board lacked subject matter jurisdiction, this Court would exercise its appellate jurisdiction to vacate any orders by the Board or Common Pleas purporting to address the merits. *See id.*

The Pennsylvania Municipalities Planning Code (MPC)[2] provides that "[a]ll appeals from decisions of the *zoning officer* shall be taken in the manner set forth in [the MPC]." Section 615 of the MPC, 53 P.S. § 10615 (emphasis added). Section 914.1(b) of the MPC, 53 P.S. § 10914.1,[3] states that "[a]ll appeals from determinations adverse to the landowners shall be filed by the landowner within 30 days after notice of the determination is issued." Section 909.1(a)(3) of the MPC grants the Board exclusive jurisdiction to hear and render final adjudications in "[a]ppeals from the determination of the *zoning officer*, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the

---

[1] Where, as here, Common Pleas does not take additional evidence, our review is limited to determining whether the Board abused its discretion or erred as a matter of law. *Bird v. Zoning Hearing Bd. of Mun. of Bethel Park*, 320 A.3d 843, 848 n.8 (Pa. Cmwlth. 2024).

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[3] This Section was added by the Act of December 21, 1988, P.L. 1329.

issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot." 53 P.S. § 10909.1(a)(3) (emphasis added).[4]

A "determination" is "final action by an officer, body or agency charged with the administration of any land use ordinance." Section 107(b) of the MPC, 53 P.S. § 10107(b). Conversely, a letter from a zoning officer or other person *to the municipality*, rather than to the applicant, and which is merely made to "assist[t] the recipient in the rendering of any decision," is a "report" rather than a determination and is not appealable. *In re: Appeal of Provco Pinegood Sumneytown, LLC*, 216 A.3d 512, 518 (Pa. Cmwlth. 2019) (quoting Section 107(b) of the MPC, defining "report"). "[T]here is no requirement in the MPC that a determination be in writing." *N. Codorus Twp. v. N. Codorus Twp. Zoning Hearing Bd.*, 873 A.2d 845 (Pa. Cmwlth. 2005). A zoning officer's oral telephonic "statement to [the applicant] that [the ordinance] would apply . . . constitutes a determination" that starts the appeal period. *Id.*; *accord Provco Pinegood Sumneytown*, 216 A.3d at 518-19.

In this case, the January 24, 2022 second review letter from Keystone addressed to the Township does not purport to be a determination of the Zoning Officer. Thus as a matter of law, the letter itself was not appealable to the Board. *Provco Pinegood Sumneytown*, 216 A.3d at 518-19. The subsequent oral communications referenced in testimony before the Board could conceivably constitute a determination of the Zoning Officer, but the present record does not reflect the communications' timing. Because the parties did not raise the timeliness issue below, there is not yet evidence or factual findings about whether or when Applicant received notice of a determination by the Zoning Officer. The date of that

---

[4] Section 909.1 was added by the Act of December 21, 1988, P.L. 1329.

4

notice, which is a factual question, controls when the 30-day appeal period began running and thus whether the appeal to the Board was timely filed.

Accordingly, we remand this matter to Common Pleas for an evidentiary hearing, to be recorded and transcribed, within forty-five days of the date of this opinion, to afford Applicant an opportunity to proffer evidence as to when it received notice of a determination by the Zoning Officer. We direct Common Pleas to make findings of fact thereon and transmit the record back to this Court so that we may determine whether Applicant timely appealed to the Board. We retain jurisdiction. *See City of Phila. v. Tirrill*, 906 A.2d 663, 665 (Pa. Cmwlth. 2006); G. RONALD DARLINGTON ET AL., 20A PA. APPELLATE PRAC. § 2572:12 (2024).

_____
MATTHEW S. WOLF, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Water's Edge at Wind Gap, LLC    :
                  Appellant    :
                                  :
                                  :
                v.                :    No. 279 C.D. 2024
                                  :
Zoning Hearing Board of Moore    :
Township and Moore Township    :

## **O R D E R**

AND NOW, this 13th day of May 2025, this matter is REMANDED to the Court of Common Pleas of Northampton County (Common Pleas) to hold an evidentiary hearing and make findings of fact in accordance with the foregoing opinion. Common Pleas shall complete those actions and transmit the record back to this Court within 60 days of the date of this order.

Within 20 days of the date of the return of the record to this Court, Water's Edge at Wind Gap, LLC (Applicant) may file a supplemental brief regarding the timeliness issue discussed in the foregoing opinion. The Zoning Hearing Board of Moore Township and Moore Township may file responding supplemental briefs within 15 days of the filing and service of Applicant's supplemental brief.

Jurisdiction retained.

_____
MATTHEW S. WOLF, Judge