Merrick Estate.

Argued October 9, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Benjamin M. Parker*, with him *Lee A. Jackson,
Crombie J. D. Garrett*, Attorneys, *Mitchell Rogovin,*

Assistant Attorney General, and *Vincent A. Colianni*, Assistant United States Attorney, and *Gustave Diamond*, United States Attorney, for United States of America, appellant.

*Donald L. McCaskey*, with him *James G. Park*, and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger*, for appellee.

OPINION BY MR. JUSTICE JONES, November 18, 1968:

On June 15, 1917, Herbert DuPuy (settlor) created an inter vivos trust for the benefit of a granddaughter, Amy McHenry, who is now living and 52 years of age. Under the terms of that trust, in the event of Amy McHenry's death without issue living at the time of her death, the remaindermen were settlor's three children, including Eleanor Merrick, their heirs and assigns.

Settlor died in 1930 and his successor trustee has since 1934 filed triennial accounts in the Orphans' Court of Allegheny County.

Eleanor Merrick died February 23, 1962, and, approximately fifteen months subsequent to her death, her executors filed a federal estate tax return and paid a tax of approximately $2,160,000. Some time thereafter, the Commissioner of Internal Revenue notified the executors of the completion of the audit of the tax return and that he intended to assess a federal estate tax deficiency in the amount of approximately $2,656,000. One of the alleged errors upon which the Commissioner predicated the deficiency was the failure of the executors to include in the gross estate the amount of $1,731,904.04 which the Commissioner had determined was the value of Eleanor Merrick's interest in the inter vivos trust when she died.

The executors filed in the United States Tax Court a petition for a redetermination of the asserted tax de-

ficiency and, at the time of this appeal, such petition was in the process of litigation in such court.

About eight months after notification of the alleged tax deficiency, the executors petitioned the Orphans' Court of Allegheny County for a declaratory judgment to establish the value of Mrs. Merrick's interest in the inter vivos trust, which the executors alleged was none. The United States Government (Government) filed preliminary objections in the declaratory judgment proceedings averring that the declaratory judgment petition did not present an actual justiciable controversy and that another available and more appropriate remedy existed.

On October 11, 1966, the Orphans' Court entered a decree dismissing the Government's preliminary objections with leave to file an answer to the declaratory judgment petition within thirty days. On October 24, 1966, the Government filed an appeal to our Court (No. 56 March Term 1967).[1] On March 1, 1967, the Government discontinued its appeal. Thereafter, the Government filed an answer to the declaratory judgment proceeding, took interrogatories and oral depositions of various witnesses.

On January 15, 1968—one year and three months after the entry of the final decree of October 11, 1966— the Government filed a petition asking the Orphans' Court to reconsider its final decree averring that the case law upon which its decree was based had been overruled.[2] On March 25, 1968, the court denied the Government's petition and on April 18, 1968 the Government filed the instant appeal from the decree refusing a reconsideration of the former decree.

---

[1] On two occasions the Government requested continuances of the argument on this appeal. On the first occasion, we granted a continuance on December 19, 1966 and, on the second occasion, we refused a continuance on February 14, 1967.

[2] The Government at no time requested a stay of proceedings.

This appeal questions the jurisdiction of the Orphans' Court to construe the inter vivos trust[3] and whether declaratory judgment will lie.[4] Preliminarily, however, we must determine whether the instant appeal must be quashed.[5]

The *only* final decree in this case was that of October 11, 1966 from which an appeal was timely taken. From the date upon which the appeal was taken until its discontinuance, this decree could not have been changed by the court below (See: *Corace v. Balint,* 418 Pa. 262, 275, 276, 210 A. 2d 882 (1965)), nor did the Government make any move to have the decree changed. After discontinuance of its appeal, the Government then proceeded to accept the decree and to enter into the merits of the controversy. Approximately ten months later the Government changed its tactics and asked the court below to reconsider the original decree and from the refusal to so reconsider this appeal was taken.

The refusal of a court to reconsider, rehear or permit reargument of a final decree is not reviewable on appeal. See: *Baily Petition,* 365 Pa. 613, 619, 76 A. 2d 645 (1950); *Seems Estate,* 341 Pa. 198, 199, 19 A. 2d 60 (1941); *McCready v. Gans,* 242 Pa. 364, 371, 89 A. 459 (1913). Moreover, even if the Government had requested such reconsideration within the period permitted for filing an appeal from the final decree, such action would not have had the effect of tolling the appeal statute where no stay of proceedings has been asked and granted. See: *Cumberland Valley S. & L.*

---

[3] Because no objections had been made to the trustee's triennial accounts, no request had been made for a distribution of assets and all indispensable parties had not been joined in this proceeding.

[4] Because all indispensable parties have not been joined and an established and appropriate remedy exists before the Tax Court which has already been invoked by the executors.

[5] The executors have filed a motion to quash.

*Ass'n. v. Myers,* 396 Pa. 331, 338, 153 A. 2d 466 (1959), and authorities therein cited. The decree of March 25, 1968 from which this appeal is taken is not an applicable decree.

Because of our conclusion, we need not determine the impact on the right of appeal of the actions of the Government in the court below in proceedings on the merits of the litigation nor the questions raised on this appeal.

Appeal quashed.

Mr. Justice MUSMANNO did not participate in the decision of this case.