402 A.2d 1022

**Amos Howard YEAPLE, Appellant,**

v.

**Margaret S. YEAPLE, Appellee.**

Supreme Court of Pennsylvania.

Argued May 24, 1979.

Decided July 5, 1979.

Gerald E. Ruth, York, for appellant.

Samuel M. Learned, Jr., York, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

The issue before us is whether an appeal filed in the Superior Court by appellant, Amos Howard Yeaple, a resident of Arizona, was properly quashed by the Superior Court because it was untimely filed. Appellant contends in this Court that his appeal was timely filed and should be reinstated. We agree and therefore remand the matter to the Superior Court for a consideration of the merits of the appellant's appeal.

Appellee, Margaret S. Yeaple, commenced a divorce action in York County against appellant, a resident of Arizona. Service was effected upon appellant in Arizona by registered mail. Approximately six months later, appellee filed a petition for alimony pendente lite and counsel fees. A rule to show cause issued, but was not served upon appellant. Service was attempted but the return indicated that the petition and rule were unclaimed by appellant in Arizona. Appellee did serve a copy of the petition and rule upon the attorney representing appellant in the divorce action.

Appellant's attorney filed an answer to the petition. That answer was not verified by appellant. Pa.R.Civ.P. 1024. It was, however, verified by appellant's attorney, who stated that appellant was outside the court's jurisdiction. Pa.R. Civ.P. 1024(c). The attorney verified the answer upon information received. Pa.R.Civ.P. 1024(c). At a hearing held on the petition on April 5, 1978, appellant's attorney appeared and challenged the court's jurisdiction over the matter of alimony and counsel fees contending that the trial court did not have jurisdiction over the person of the appellant as to those matters. At that hearing appellant's attorney also

addressed himself to the merits of the petition contending that appellant had no obligation to pay because appellee's income was equal to appellant's income. The trial court ruled that it had jurisdiction over the person because the petition for alimony and counsel fees was ancillary to the divorce action in which a complaint had been served upon appellant in Arizona. The trial court deferred ruling on the merits of the petition pending further discovery concerning appellant's finances. On May 22, 1978, appellant's attorney filed a written motion to dismiss the petition for alimony and counsel fees again raising the issue that the trial court did not have jurisdiction over the person of the appellant. On July 12, 1978, the trial court denied the motion to dismiss stating that his earlier ruling regarding jurisdiction was correct. Within thirty days of the trial court's order of July 12, 1978, appellant filed an appeal in the Superior Court. An adverse ruling involving jurisdiction over the person, although interlocutory, is an appealable order. Pa.R.A.P. 311; Act of 1925, March 5, 1925, P.L. 23 § 1 et seq., 12 P.S. § 672 et seq., as amended.

In the Superior Court, the appellee moved to quash the appeal contending that it was not a timely appeal. According to appellee, in its motion before the Superior Court, appellant should have appealed within thirty days of the court's first ruling on jurisdiction over the person which was made on April 5, 1978, more than thirty days before appellant filed his appeal in the Superior Court. The Superior Court granted appellee's motion to quash. Appellant then filed a petition for allowance of appeal in this Court which was granted.

Appellant contends that his appeal in the Superior Court which was filed within thirty days of the trial court's order denying his motion to dismiss for lack of jurisdiction over the person was a timely appeal and the Superior Court improperly granted appellee's motion to quash.

Although not for the reasons presented by appellant we agree that his appeal from the July 12, 1978 order was timely filed.

The trial court's first order was not an appealable order under the Pennsylvania Rules of Appellate Procedure and the Pennsylvania Rules of Civil Procedure. These rules are quite specific in outlining that which constitutes an appealable order. The specificity provided in the rules seeks to avoid the kind of problem presented in this case.

 Pa.R.A.P. 301(a) provides that:

". . . no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court. . . ."

Pa.R.A.P. 108(b) further provides that:

"The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."

Under the above two rules an order is appealable only when it is "entered upon the appropriate docket" and the "date of entry" is the day that a notation is made in the docket that there has been compliance with Pa.R.Civ.P. 236(b) requiring notice. Pa.R.Civ.P. 236 states that:

"(a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment: . . . to each party who has appeared in the action or to the party's attorney of record.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents."

Thus, an order is not appealable until (1) the order has been entered upon the appropriate docket, and (2) a notation appears in the docket that proper notice has been given concerning the entry of the order.

 In the case before us, the following constitutes the only docket entry for the April 5, 1978 order by the trial judge:

"April 21, 1978—Order filed by the Court, Emanuel A. Cassematis, Judge (Vide Counsel Fees Order filed)."

The above docket entry makes no reference to the issue of jurisdiction and even if it did, the docket does not contain any notation that notice of entry of the order was given as required by Pa.R.A.P. 108(b) and Pa.R.Civ.P. 236. We must therefore conclude that no appealable order existed on April 5, or April 21, and thus no appeal time began to run against the appellant.

We do not now decide whether the trial court correctly concluded that ancillary jurisdiction existed over appellant's person nor do we address the issues of whether appellant submitted to the jurisdiction of the court by answering on January 9, 1978, the merits of the petition for alimony pendente lite and counsel fees. These questions go to the merits of this appeal and must be determined in the first instance by the Superior Court.

The order of the Superior Court granting appellee's motion to quash is hereby vacated and this appeal is remanded to the Superior Court for consideration of the merits.

ROBERTS, J., concurs in the result.