559 A.2d 577

**Wilfred VANLEER, Appellee,**

*v.*

**Harvey J. LERNER, M.D., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 28, 1989.

Filed June 1, 1989.

Allison L. Persinger, Philadelphia, for appellant.

Mary C. Kenney, Philadelphia, for appellee.

Before DEL SOLE, MELINSON AND HOFFMAN, JJ.

DEL SOLE, Judge:

Wilfred Vanleer, Appellee, brought a medical malpractice action against Harvey J. Lerner, M.D., Appellant. Lerner

filed Preliminary Objections to Vanleer's Complaint on the grounds that the allegations in paragraph seven of the Complaint did not contain material facts on which a cause of action could be based. (Pa. Rule Civ.Proc. 1019(a)). When Vanleer failed to contest Lerner's preliminary objections, they were granted. Lerner then brought a Motion for Judgment on the Pleadings on the basis that with the deletion of paragraph seven Vanleer had set forth no allegations pertaining to his theory of negligence.

The Motion was granted by the trial court by Order dated July 11, 1988 and was filed with the Prothonotary on July 14, 1988. The Order contained a memorandum opinion which stated:

> If plaintiff can show that the discovery to date and/or his expert reports show a theory of negligence against the defendant, the Court will reconsider its decision. Such has not been shown in the Plaintiff's Response to this Motion.

Vanleer filed a Petition for Reconsideration on August 22, 1988 and the trial court granted Vanleer's Petition and reinstated his Complaint by an Order dated August 31, 1988.

Lerner is appealing from the trial court's Order reinstating Vanleer's Complaint on the grounds that a court may modify or rescind its prior orders only if done within thirty days after entry. Vanleer's Petition for Reconsideration was not filed until thirty-nine days after the trial court had entered an Order granting Lerner judgment on the pleadings. Lerner argues that the trial court was no longer empowered to grant Vanleer's Petition for Reconsideration. We agree and vacate the trial court's Order to reinstate the Complaint.

The length of time that a trial court has to modify one of its own orders is determined by statute:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505

A trial court can grant reconsideration of an Order which is the subject of an appeal or petition only if "an application for reconsideration of the order is filed in the trial court or other government unit within the time period prescribed by law...." Rule 1701(b)(3) Pa. Rules App.Proc.

The date that an Order is entered is the date that the Order is filed with the Prothonotary. *Pine Township Citizen's Association v. Pine Township Board of Supervisors*, 27 Pa.Cmwlth. 533, 367 A.2d 740 (1976). In the present case, the Order granting Lerner Judgment on the Pleadings was entered on July 14, 1988. At that point Vanleer had thirty days to petition the trial court for reconsideration and have it granted. Vanleer did not file a Petition for Reconsideration until August 22, 1988, thirty-nine days after the Order was entered.

In the case of fraud or other equitable demands, our Supreme Court has allowed trial courts to modify or rescind Orders beyond the statutory time limit. *Estate of Gasbarini v. Medical Center of Beaver*, 487 Pa. 266, 409 A.2d 343 (1979) Such equitable demands include the disbaring of one's attorney (see *Gasbarini* supra) or mistakes made by the court or its officers. *Great American Credit Corporation v. Thomas Mini–Markets*, 230 Pa.Super. 210, 326 A.2d 517 (1974). The present case does not contain such an "extraordinary cause" that would allow us to affirm the trial court's over-reaching actions. This court has repeatedly held that:

> once a final order or judgment is entered, an appeal must be filed within thirty days or, the trial court must expressly grant reconsideration within thirty days. If either of these two events do not occur, the judgment is final and except for "extraordinary cause" is not subject to collateral attack by virtue of a petition to open and/or strike.

*Luckenbaugh v. Shearer*, 362 Pa.Super. 9, 15, 523 A.2d 399, 402 (1987).

562

In *Municipal Council of Monroeville v. Kluko,* 102 Pa.Cmwlth. 49, 517 A.2d 223 (1986), the Commonwealth Court was faced with the question of whether a trial court which has entered an order that specifically directs a party to pay its own counsel fees and costs, may, after the appeal period has expired, enter a new order pursuant to a new petition which directs the opposing party to pay the counsel fees and costs. The court, citing 42 Pa.C.S.A. § 5505, ruled that the trial court lacked authority to modify or rescind its own order after the thirty day period had passed. The court also found that the issue was jurisdictional and could not be waived by the parties.

In the present case, Vanleer argues that the trial court's Order was conditional and that there was no time limit for Vanleer to produce an expert report regarding Lerner's alleged deviation from standard medical practices. The Order may have been conditional, but it was only conditional for thirty days. After that time it became final and the trial court no longer had the authority to rescind or modify it. Because the trial court no longer had the power to grant Vanleer's Petition for Reconsideration, we find that the trial court erred in granting the Petition. We vacate the trial court's Order reinstating the complaint.

Order of the trial court vacated, complaint dismissed. Jurisdiction relinquished.