J-S23017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANETTE ADELSTON A/K/A DANETTE ADELSTEIN, LIT ULTRABAR, DAVID K. BRAVERMAN, BRIAN C. DOUGHERTY, GERALD THOMAS A/K/A GERALD T. CHACK, FALLS BENEFICIAL ASSOCIATION A/K/A EAST FALLS BENEFICIAL ASSOCIATION, NOBLE STREET ASSOCIATES, L.P., PENSHURST REALTY GROUP LLC, AND NIGHTLIFE INDUSTRIES LLC, | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : : : | |
| | : | |
| v. | : : : | |
| | : | |
| ANGELINA WILSON | : | |

No. 2060 EDA 2016

Appeal from the Order Entered June 1, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term, 2015, No. 1597

BEFORE: OLSON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 16, 2017**

Brian C. Dougherty and Gerald Thomas, also known as Gerald T. Chack, appeal from the order dated June 1, 2016, denying their motion for reconsideration of the order dated April 8, 2016, which, in turn, denied their petition to open a default judgment. We quash the appeal.

On November 28, 2013, at 4:00 A.M., Appellee, Angelina Wilson, was a business invitee at Lit Ultrabar in Philadelphia when other patrons and at least two employees of the bar began to fight. Compl. at ¶¶ 25-39; Trial Ct.

Op., 11/1/16, at 1. Appellee "suffered serious and permanent injuries to her face, head and body in the altercation which spilled out on to the public street." *Id.*

In November 2015, Appellee commenced this litigation against the owners, operators, and employees of Lit Ultrabar, including Dougherty and Thomas. On December 8, 2015, Appellee served Dougherty with the complaint. On December 23, 2015, Appellee served Thomas with the complaint. Neither Dougherty nor Thomas filed an answer to the complaint.

On February 24, 2016, Appellee entered default judgments against Dougherty and Thomas. On March 9, 2016, Dougherty and Thomas filed a joint petition to open the default judgments against them, which the trial court denied on April 8, 2016. On May 9, 2016, Dougherty and Thomas filed a joint motion for reconsideration, which the trial court denied on June 1, 2016.

On July 1, 2016, Dougherty filed a notice of appeal of the order dated June 1, 2016, that denied the motion for reconsideration. Thomas' name does not appear on the notice of appeal dated July 1, 2016, and Thomas never filed a separate notice of appeal. It is the July 1, 2016, appeal that now is before this Court.[1]

---

[1] Meanwhile, on June 20, 2016, Dougherty and Thomas filed a second petition to open the default judgments. On September 14, 2016, the trial court denied that second petition, with prejudice. Neither Dougherty nor Thomas took an appeal from this September 14, 2016 order. In its opinion,

On August 16, 2016, this Court entered an order to show cause "as to the basis of this Court's jurisdiction over this matter." The response was due within ten days of the date of the order. A response was not filed until October 3, 2016, purportedly on behalf of both Dougherty and Thomas. The response asked that this Court "liberally construe[]" the Rules of Civil Procedure, citing to Pa.R.C.P. 126. This Court took no further action with respect to the order to show cause, leaving a determination of jurisdiction to the merits panel.

On January 5, 2017, Appellants filed a brief with this Court. Again, the filing purported to be on behalf of both Dougherty and Thomas. The brief presents the following issue:

> Whether the June 1, 2016 . . . Order[] of the Court of Common Pleas must be reversed and Default Judgments be opened against [Dougherty and Thomas].

Dougherty and Thomas' Brief at 2.

Before we reach the merits of this issue, we first must address whether this appeal is properly before us. The trial court denied the joint petition of Dougherty and Thomas to open the default judgment on April 8,

---

the trial court expressed a mistaken belief that Appellants had appealed this latter order at this Court's Docket No. 3280 EDA 2016, but No. 3280 is an appeal by a different party to this action, David K. Braverman. Trial Ct. Op., 11/1/16, at 3.

2016. Accordingly, Dougherty and Thomas had until May 9, 2016,[2] to file a timely notice of appeal from that order. *See* Pa.R.A.P. 902 ("An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903"), 903 (an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Instead of appealing, however, they filed a motion for reconsideration on May 9, 2016, which the trial court did not rule upon until June 1, 2016. Then, on July 1, 2016, Dougherty, but not Thomas, filed a notice of appeal. Thomas never filed a notice of appeal.

We quash the appeal filed by Dougherty because it was not filed within 30 days of the April 8, 2016 order that declined to open the default judgment. Dougherty's motion for reconsideration did not act to toll the appeal period because such a motion has no effect on the time to appeal unless the trial court expressly grants reconsideration within the 30-day appeal deadline. *Cheathem v. Temple U. Hosp.*, 743 A.2d 518, 520 (Pa. Super. 1999) ("the mere filing of a petition requesting reconsideration of a[n] order of the trial court does not toll the normal 30-day period for appeal"); *see* Pa.R.A.P. 903, 1701(b)(3). To the extent that Dougherty claims that his appeal is from the trial court's June 1, 2016 order denying his

---

[2] May 8, 2016, was a Sunday. *See* 1 Pa.C.S. § 1908 (calculation of dates when a deadline falls on a Sunday).

motion for reconsideration, his appeal is still invalid. **See** Dougherty and Thomas' Brief at 1. At least in this context, denial of a motion for reconsideration is not an appealable order. **In re Merrick Estate**, 247 A.2d 786 (Pa. 1968); **Rittenhouse v. Hanks**, 777 A.2d 1113, 1116 n.1 (Pa. Super. 2001).[3]

We quash the appeal as to Thomas because Thomas never filed a notice of appeal. The untimely notice of an appeal by Dougherty did not name Thomas as an appellant and it therefore could not act as a notice by Thomas. Moreover, any new notice of appeal that Thomas might now seek to file would be patently untimely. **See** Pa.R.A.P. 902, 903, 904.[4]

Appeal quashed.

---

[3] Dougherty's attempted appeal from the order denying reconsideration does not seek review of any purported abuse of discretion in failing to reconsider the April 8, 2016 order; rather, Dougherty seeks to use his appeal from the denial of reconsideration as a means to obtain review of the April 8, 2016 order, even though the time to appeal that order expired. The Supreme Court's decisions disapproving such a course of action date at least to the mid-19th Century. **See**, **e.g.**, **Keim's Appeal**, 27 Pa. 42 (Pa. 1856) ("That a party can have a full hearing in a dispute like this — suffer a final decree against him — let the time for appealing pass by — then present a petition requesting the court to change its mind — and if it refuses, appeal with the same effect as if the appeal had been taken in due time — this we are unwilling to give our assent to").

[4] Assuming *arguendo* that this appeal were not quashed, after a thorough review of the record, the briefs of the parties, the applicable law, and the opinion of the Honorable Frederica A. Massiah-Jackson, we would conclude that the claim by Dougherty and Thomas merits no relief; the trial court's opinion comprehensively discusses and properly disposes of their issue.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017