J-A13013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| IN RE: ESTATE OF: ERICH A. HOOPER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| APPEAL OF: DOUGLAS P. HOOPER, EXECUTOR | : | |
| | : | |
| | : | No. 1183 MDA 2022 |

Appeal from the Order Entered August 16, 2022
In the Court of Common Pleas of Susquehanna County Orphans' Court at
No(s):  2021-30 OC

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: SEPTEMBER 8, 2023**

Douglas P. Hooper ("Executor"), executor of the estate of Erich A. Hooper ("Decedent"), appeals from the order that denied his exceptions to a prior order, granted in part and denied in part his motion for reconsideration of that prior order, and scheduled an evidentiary hearing.  We quash this appeal.

Given our disposition, a detailed discussion of the facts and substance of this case is unnecessary.  Briefly, Decedent died testate, with a will that, *inter alia*, bequeathed the residue of his estate, including retirement funds, life  insurance proceeds, and natural gas lease royalties, to maintain a wildlife sanctuary on a specified parcel in Susquehanna County.  However, "the testamentary dreams of Decedent could not be fulfilled or sustained as a result

_____

[*] Former Justice specially assigned to the Superior Court.

of insufficient testamentary assets dedicated to the charitable venture."[1] Orphans' Court Opinion, 9/23/22, at 1.

Decedent had three siblings: James Hooper, II ("James"), Diane Green ("Diane"), and Executor. Diane predeceased Decedent and was survived by five children ("Appellees"). After Decedent's death, James executed a disclaimer that purported both to renounce any interest in Decedent's estate and to relinquish any such interest in favor of Executor. James subsequently died.

Executor initially took the position that the will was invalid and that the entire Estate should be distributed through the intestacy statute, with Executor receiving both his and James's one-third shares, leaving the remaining third to be divided equally among Appellees. He later sought to further Decedent's testamentary intent by purchasing Decedent's real property himself to enable the Estate to pay its debts, with the agreement that Executor would maintain the wildlife refuge on the land during his lifetime while receiving the gas lease royalties. Appellees, on the other hand, advanced the argument that the will should be declared invalid, and advocated for the distribution of the Estate through intestacy, with Executor and Appellees each receiving half.

---

[1] Ultimately, "Decedent's Estate and the Attorney General['s] Office negotiated a release that allowed for a monetary payment of $10,000 to an existing wildlife sanctuary to satisfy the testamentary charitable obligations created by Decedent in his will." Orphans' Court Opinion, 9/23/22, at 1.

After entertaining oral argument, by order dated July 22, 2022, the orphans' court ruled as follows in pertinent part. First, believing that Decedent's real estate had already been conveyed, it denied as moot Executor's request to purchase it. Second, it ruled that Executor did not have a right to receive all royalties from the gas lease. Third, the order granted Appellees' request to have the will declared invalid only as to the bequest of the residue for the wildlife refuge. Finally, the orphans' court decreed that since James was unable to simultaneously disclaim and assign his interest in the Estate, his disclaimer served to remove him and his heirs from the chain of succession. Therefore, the residue of the Estate, including the real estate and gas royalties, was to be evenly split between Executor on the one hand and Appellees on the other. *See* Order, 7/22/22, at 1-2; Opinion, 7/22/22, at 6-7.

On August 1, 2022, Executor filed a document styled as "Exceptions to Order of Court of July 22, 2022 and Motion for Reconsideration." Therein, Executor asserted, *inter alia*, that Appellees lacked standing to challenge his requests, that the court erred in ruling that James's disclaimer was ineffective to direct his share of the Estate to Executor, and that Decedent's real estate had not yet been conveyed. *See* Exceptions and Motions for Reconsideration, 8/1/22, at ¶¶ 8-12, 23. Executor clarified that the conveyance discussed during the oral argument was merely a quitclaim deed that the executrix of James's estate had executed in favor of Executor. *Id*. at ¶ 22. However,

Executor noted that the quitclaim deed was "a nullity that will be corrected" because, despite believing an estate had been opened for James based upon conversations with his widow, "there existed no documented estate having been opened or filed for James[.]" *Id*. at n.2.

By order of August 16, 2022, the orphans' court expressly granted reconsideration as to the disposition of Executor's request to purchase Decedent's real estate, scheduling a hearing on the matter to take place on November 8, 2022. *See* Order 8/16/22, at 1-2. In all other respects, it denied Executor's exceptions and reconsideration.

On August 26, 2022, Appellant filed a notice of appeal from the August 16, 2022 order.[2] This Court issued a rule to show cause why the appeal should not be quashed as having been taken from a non-final order. Executor filed a response characterizing the August 16, 2022 order as the "final decision on the primary issues to which appeal was taken[,]" which "made clear that no further litigation was to occur on the issues complained of on appeal[.]" Response to Rule to Show Cause, 10/6/22. Executor indicated that he took the appeal "out of an abundance of caution to preserve [his] appeal right" and "to prevent the advancement of an argument that [he] failed to timely file [an] appeal to matters that had been resolved weeks or months prior." *Id*.

---

[2] The certified record before us does not disclose the fate of the scheduled reconsideration hearing.

Appellees filed an answer to Executor's response advocating for quashal on two bases. First, relying on a footnote in the orphans' court opinion, Appellees asserted that the appeal was moot since the July 22, 2022 order that the appealed-from order reconsidered in part was void because James's widow was an indispensable party whose failure to be joined deprived the court of subject-matter jurisdiction. *See* Answer to Response to Rule to Show Cause, 10/6/22, at 1-2 (citing Orphans' Court Opinion, 9/23/22, at 7-8 n.6). *See also N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 28-29 (Pa.Super. 2015) ("The failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction."). Second, Appellees contended that, since the August 16, 2022 order partially granted reconsideration and scheduled a hearing on the reconsidered issues, the order was not final or appealable. *Id*.

This Court discharged the rule and ordered the appeal to proceed, noting that the issue might be revisited by the merits panel. Executor filed a brief indicating that the orders in question included both the July 22 and August 16, 2022 orders and stating questions for appellate review implicating rulings in the former order, namely, whether Appellees had standing and whether Decedent passed partially intestate. *See* Executor's brief at 2, 4. Executor cited Pa.R.A.P. 342(a)(2), (5), and (6) as bases for this Court's jurisdiction over the appeal. Appellees in their brief offered a jurisdictional counter-statement reasserting their two reasons for this Court to quash. *See*

Appellees' brief at 1-2. Executor did not file a reply brief addressing Appellees' jurisdictional contentions.

We begin by examining the issue of the appealability of the August 16, 2022 order for, "[s]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." **A.J.B. v. A.G.B.**, 180 A.3d 1263, 1270 (Pa.Super. 2018) (cleaned up). It is well-settled that "an appeal lies only from a final order, unless permitted by rule or statute. Generally, a final order is one that disposes of all claims and all parties." **Id**. (cleaned up) (citing Pa.R.A.P. 341(b)).

Executor's asserted grounds for this Court's jurisdiction, namely Pa.R.A.P. 342, provides in relevant part as follows:

**(a) General rule**. An appeal may be taken as of right from the following orders of the Orphans' Court Division:

. . . .

(2) An order determining the validity of a will or trust;

. . . .

(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6) An order determining an interest in real or personal property[.]

Pa.R.A.P. 342.

The July 22, 2022 order fell within the ambit of Rule 342 because it decided the validity of Decedent's will, the status of the Estate's beneficiaries,

and the interests in Decedent's property. However, Executor did not appeal from that order. Instead, Executory appealed from the August 16, 2022 order that determined none of the matters enumerated in Rule 342(a). The August 16 order instead ruled upon Executor's exceptions to the prior order and his request for the court to reconsider it.

In that vein, we observe that "[e]xcept as provided by Rule 8.2, **no exceptions** or post-trial motions may be filed to any order or decree of the [orphans'] court." Pa.R.O.C.P. 8.1 (emphasis added). Rule 8.2 provides that, "[b]y motion, a party may request the court to reconsider any order that is final under Pa.R.A.P. 341(b) or 342, or interlocutory orders subject to immediate appeal under Pa.R.A.P. 311, so long as the order granting reconsideration is consistent with Pa.R.A.P. 1701(b)(3)."[3] Pa.R.O.C.P. 8.2(a). Nonetheless, "[t]he period for filing an appeal is not tolled by the filing of a motion for reconsideration unless the court grants the motion for reconsideration prior to the expiration of the appeal period." Pa.R.O.C.P. 8.2, *Explanatory Comment*.

Rule 1701(b)(3) in turn provides that after an appeal is taken, the trial court may:

> Grant reconsideration of the order which is the subject of the appeal or petition, if:

---

[3] Executor did not invoke Rule 311 as a basis for our jurisdiction over the appeal *sub judice*, and we find no provision therein that pertains. **See** Pa.R.A.P. 311.

(i) an application for reconsideration of the order is filed in the trial court . . . within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court . . . within the time prescribed by these rules for the filing of a notice of appeal . . . with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal . . . theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.

Pa.R.A.P. 1701(b)(3).

From the above we discern that the August 16, 2022 denial of reconsideration of the July 22, 2022 order did not, as Executor suggested in his response to this Court's rule to show cause, somehow render the July 22 order final or have any impact on Executor's right to file an immediate appeal from that order. **See** Pa.R.O.C.P. 8.1, 8.2. To the extent that the August 16 order from which Executor appealed granted reconsideration and scheduled further proceedings, plainly it did not dispose of all claims as to all parties and will be subject to appeal after the orphans' court renders its reconsidered decision. **See** Pa.R.A.P. 1701(b)(3). To the extent that the August 16 order

denied reconsideration of the appealable July 22 order, it is well-settled that an order denying reconsideration of an appealable order is not itself appealable. *See In re Merrick's Estate*, 247 A.2d 786, 788 (Pa. 1968); *Jordan v. Pennsylvania State Univ.*, 276 A.3d 751, 761 n.2 (Pa.Super. 2022).

In sum, the instant appeal from the August 16, 2022 order is not from an order determining the validity of a will or trust, the status of beneficiaries in an estate, or an interest in real or personal property as asserted by Executor in his brief as the bases for this Court's jurisdiction. Rather, the order from which Executor appealed granted in part and denied in part reconsideration, and as such is not appealable. Consequently, this appeal must be quashed.[4]

Appeal quashed.

---

[4] We note that Executor may yet be able to obtain review of the issues purportedly decided in the July 22, 2022 order. We are unable to evaluate from the certified record before us whether the orphans' court and Appellees are correct that the July 22, 2022 order was entered without an indispensable party. However, when the issue is explored upon remand, if it is determined that the order had been entered without an indispensable party having been joined, then that order is a nullity and Executor will have the opportunity to relitigate his issues once the necessary joinder has occurred. *See*, *e.g.*, *Sabella v. Appalachian Dev. Corp.*, 103 A.3d 83, 90 (Pa.Super. 2014) ("The absence of an indispensable party renders any order or decree of the court null and void." (cleaned up)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/08/2023